## PRYOR et al. v. MODERN MUTUAL HEALTH & ACCIDENT INS. CO.

### No. 2363.

Court of Civil Appeals of Texas. Waco.

Sept. 19, 1940.

S. J. T. Smith, H. O. Clark, and Winthrop Seley, all of Waco, for plaintiffs in error.

Barney A. Garrett, of Waco, for defendant in error.

ALEXANDER, Justice.

The defendants in the lower court have attempted to remove the cause to this court by writ of error. Acts 46th Leg., Chap. 2, p. 59, Vernon's Annotated Civil Statutes, Art. 2249a, provide, in part, as follows:

"Section 1. No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error.

"Sec. 2. All laws and parts of laws, insofar as they conflict with this Act, are repealed. Writ of error shall continue to be available under the rules and regulations of the law to a party who does not participate in the trial of the case in the trial court.

"Sec. 3. It is hereby provided that this Act shall take effect from and after January 1, 1940. * * *"

According to the recitations in the judgment, the defendants participated in the actual trial of the case in the lower court. Final judgment was rendered on February 13, 1940, and writ of error was applied for on June 14, 1940, long after the act in question had become effective. The case comes clearly within the terms of the above act and is therefore not reviewable through means of writ of error.

The plaintiffs in error, in reply to the motion to dismiss, assert that Sampson Lodge No. 6113, Grand United Order of Odd Fellows, is a necessary party to the suit and since it was not made a party thereto and did not participate in the trial of the case, the statute above quoted is not applicable. It should be noted, however, that said alleged necessary party did not join in the petition for writ of error and is not here seeking a review of the judgment through means of writ of error. All those now seeking such review participated in the actual trial in the lower court and their right to sue out a writ of error is therefore cut off by the statute.

The appeal is dismissed.