**Marvin E. BRANDT et ux., Appellants,**

v.

**VILLAGE HOMES, INC. et al., Appellees.**

**No. 17191.**

Court of Civil Appeals of Texas, Fort Worth.

April 16 1971.

Rehearing Denied May 21, 1971.

Davis, Callaway & Marshall, and Clyde M. Marshall, Jr., Fort Worth, for appellants.

Campbell, Beadles, Wood & Meier, and William C. Meier, Hurst, for appellees.

OPINION

BREWSTER, Justice.

Mr. and Mrs. Marvin E. Brandt, defendants in the court below, have filed a petition for writ of error in this Court seeking

to reverse a final judgment of the trial court which was adverse to them.

The plaintiffs in the trial court have filed herein a motion to dismiss such petition for writ of error contending that under the facts of this case the Brandts are precluded as a matter of law from getting a writ of error review by this Court because they actively participated in the actual trial of the case in the trial court.

Article 2249a, Vernon's Ann.Civ.St., provides: "Section 1. No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error."

The transcript in this case reflects two versions of the facts of the case that relate to the question of whether or not the defendants, either in person or by their attorney, participated in the actual trial of the case. One such version is reflected by the recitals in the judgment appealed from. The second version is reflected by a bill of exceptions prepared and filed in the trial court after the trial by the trial judge. This bill appears in the transcript. Both plaintiffs and defendants had prepared bills of exceptions and the trial court refused them both, noting on each that it was incorrect because neither of such bills were complete. In preparing the court's own bill of exceptions the trial court attached copies of both plaintiffs' and defendants' bills of exceptions as exhibits to his own bill and made them a part of his bill of exceptions, stating that all three bills together correctly showed the facts as they actually occurred in the trial court.

Version No. 1 (Being the version of the facts as reflected by recitals in the judgment appealed from)—The judgment appealed from recites the following: "On this the 23rd day of January, 1970, came on to heard the Plaintiff's Motion for Summary Judgment herein, and after due notice being given to the parties came the Plaintiffs Village Homes, Inc., Hemby Construction Company, Inc., and Texas Central Mortgage Company doing business as CARRIAGE HILL VENTURE, by and through their attorney of record, *and came the Defendants MARVIN E. BRANDT and wife, SHARRON BRANDT by and through their attorney of record,* and the Court after considering the pleadings, affidavits and argument of counsel, is of the opinion that this Court has jurisdiction of the persons and subject matter of this suit and does believe that a Mandatory Injunction should be granted to Plaintiffs as prayed for in Plaintiffs' First Amended Original Petition * * *." (Emphasis ours.) The judgment then proceeded to decree a mandatory injunction requiring defendants to remove a fence that plaintiffs had contended was erected on defendants' lot by them in violation of restrictions applicable to said lot.

The courts hold that the provisions of Art. 2249a, V.A.C.S., are mandatory, jurisdictional and cannot be waived. Leuer v. Smith, 335 S.W.2d 775 (San Antonio, Tex.Civ.App., 1960, no writ hist.).

It follows that if the recitations in the judgment that are above referred to relative to whether defendants' lawyer participated in the summary judgment hearing are conclusive of the question of whether or not he did or did not participate in such hearing, then this Court must dismiss the petition for writ of error filed by defendants, because such recitations show that defense counsel did participate in the actual trial of the case. Pryor v. Modern Mutual Health & Accident Ins. Co., 143 S.W.2d 221 (Waco, Tex.Civ.App., 1940, no writ hist.); and Leuer v. Smith, supra.

Version No. 2 was as follows (being the version of the facts as reflected by the court's bill of exceptions):

The hearing of the plaintiffs' motion for summary judgment was set by the trial court for November 14, 1969; at such hearing counsel for both plaintiffs and defendants appeared and a full hearing of

the motion was had at that time; counsel for both plaintiffs and defendants argued their sides of the case to the court on that day; at the conclusion of the hearing the trial judge took the matter under advisement, requested both sides to brief the matter and both sides did furnish briefs to the judge on the questions involved; the court did thereafter on December 15, 1969, advise counsel for both sides that he was of the opinion that plaintiffs' motion for summary judgment should be granted and directed plaintiffs' counsel to prepare judgment to that effect and to submit it to defense counsel for approval as to form; plaintiffs' counsel prepared such a judgment, but defense counsel would not approve the form of it, so plaintiffs' counsel prepared a motion for judgment, the court set it for a hearing on January 23, 1970, and defense counsel was on January 12, 1970, notified of the time and place of such hearing; plaintiffs' counsel appeared at the time and place of the hearing of this motion for judgment and defendants' counsel did not appear at all for this hearing; the court then telephoned the office of the defense attorney, could not get to talk to him, but did talk to his partner who advised the judge that this defense counsel of record knew of the hearing being set; the court then proceeded to wait for an additional hour for defense counsel to appear and when he still did not appear, he did on January 23, 1970, sign the judgment in the form appealed from.

The court's docket sheet, which is in the transcript, recites the following:

"12/15/69 Pls' motion for summary judgment granted. (signed) Joe Spurlock.

"1/23/70 Judgment for plaintiffs entered as per decree on file. (signed) Joe Spurlock."

On the question as to what constitutes the "actual trial of the case" within the meaning of Art. 2249a, V.A.C.S., we refer to Lawyers Lloyds of Texas v. Webb, 137 Tex. 107, 152 S.W.2d 1096 (1941) and to Byrnes v. Blair, 183 S.W.2d 287 (El Paso, Tex.Civ.App., 1944, no writ hist.). The following is from the opinion in the Lawyers Lloyds of Texas case, supra, at page 1097:

"The actual trial of a case, as ordinarily understood by the legal profession, is the hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts. The statute was intended to cut off the right of appeal by writ of error of those who participate in the hearing in open court in the trial that leads to final judgment."

Under this second version of the facts the trial court rendered the judgment on December 15, 1969. The plaintiffs' motion for summary judgment prayed for certain relief that was therein specified. The court advised counsel for both sides on December 15, 1969, that he granted the plaintiffs' motion for a summary judgment. This action determined and specified the judgment that was then rendered. The only thing left to be done was for the judge to select the words to be used to make a written record of the judgment that had previously been rendered.

■ We hold that the "actual trial of the case" within the meaning of Art. 2249a, V.A.C.S., occurred at the hearing of the motion for summary judgment held in open court on November 14, 1969, and at which hearing defendants' attorney was present, presented defendants' side of the case, and then argued the case in their behalf. It was that hearing, in open court, that led to the rendition of judgment. All that was actually done at the January 23, 1970, hearing was for the judge to reduce to writing and sign the judgment that he had previously rendered in December as a result of the November, 1969, summary judgment hearing.

Those of us that are familiar with the practice of law know that the practice fol-

lowed by the attorneys of appearing at the summary judgment hearing and holding such hearing without the clients being present is the usual practice. Those familiar with such hearings know that it is very unusual when the litigants do personally appear at such hearings. The reasons for this are obvious. Witnesses cannot be presented personally at such hearings and the hearings only involve law questions.

We deem the January 23, 1970 hearing that was set by the trial judge to have been no more than an effort on the judge's part to accommodate defense counsel by permitting him to be present to offer suggestions as to the choice of words to be used by the court in reducing the judgment previously rendered to writing and to see that notice of appeal and things of that nature were placed therein, if desired.

This second version of the facts makes it apparent that the trial judge bent over backward trying to accommodate defense counsel. Our opinion is that defense counsel should not be permitted to gain for his client the right to have a review of this case by writ of error in violation of Art. 2249a, V.A.C.S., by simply failing and refusing to be present at the hearing that he had notice of that was set primarily for his accommodation, at a time after the rights of the parties had already been adjudicated.

This Version No. 2 of the facts reflected by the bill of exceptions as outlined above also shows conclusively that the defendants did participate in the actual trial of this case by their attorney within the meaning of Art. 2249a, V.A.C.S.

So, actually, this fact of participation in the actual trial by the defendants through their attorney is conclusively shown by both versions of the material facts as they are reflected by the record in this case.

Because Art. 2249a, V.A.C.S., is mandatory, jurisdictional, and cannot be waived, this Court has no discretion in the matter, and the law requires us to dismiss the petition for writ of error filed herein by Mr. and Mrs. Brandt for the reason that the record in this case conclusively shows that defendants participated in the actual trial of the case through their attorney of record.

The petition for writ of error is dismissed at petitioners' cost.