Houston A. GILBERT, Petitioner,

v.

HUBER, HUNT, NICHOLS, INC. et al., Respondents.

No. C–2996.

Supreme Court of Texas.

June 13, 1984.

Rehearing Denied July 18, 1984.

Dan M. Reed, Fort Worth, for petitioner.

House & House, C.G. House, Beckmann, Krenek, Olson & Quirk, William H. Quirk, III, San Antonio, for respondents.

PER CURIAM.

Plaintiff filed suit for personal injuries on April 7, 1978. In response to defendants' motion for dismissal the trial court dismissed the cause on February 19, 1982, for want of prosecution. Twenty-five days later, on March 16, 1982, plaintiff filed a motion to reinstate the case. The motion was denied following a hearing on April 30, 1982. Thereafter plaintiff made a cash deposit in lieu of an appeal bond to perfect his appeal on May 17, 1982, eighty-eight days after the order of dismissal was signed. The court of appeals dismissed the appeal for want of jurisdiction holding plaintiff had failed to timely perfect an appeal. 672 S.W.2d 9. The court of appeals held a motion to reinstate must be filed and acted on within the thirty days prescribed by TEX.R.CIV.P. 165a to extend the time to perfect an appeal. We agree.

Prior to the enactment of Rule 165a, motions to reinstate a cause following dismissal for want of prosecution pursuant to a trial court's inherent authority were treated as motions for new trial. *General Motors Corp. v. Lane*, 496 S.W.2d 533, 534 (Tex.1973). In February of 1973, Texas Rule of Civil Procedure 165a became effective. This rule grants a trial court authority to dismiss a cause for want of prosecution. The rule also provides a detailed scheme and timetable for the procedure regarding the reinstatement of a cause dismissed thereunder. We hold a trial court's reinstatement of a cause following dismissal for want of prosecution for whatever reason is governed by the timetable contained in Rule 165a. *Danforth Memorial Hospital v. Harris*, 573 S.W.2d 762, 763 (Tex.1978). We refuse the application for writ of error, no reversible error.