Virginia BUTTS, Appellant,

v.

CAPITOL CITY NURSING HOME, INC., et al., Appellees.

No. 14467.

Court of Appeals of Texas, Austin.

Oct. 30, 1985.

Rehearing Denied Dec. 18, 1985.

Willie Schmerler, Austin, for appellant.

Jan Soifer, Brown, Maroney, Rose, Barber & Dye, Austin, for Capitol City Nursing Home, Inc.

Joseph W. Spence, Gandy, Michener, Swindle, Whitaker & Pratt, Fort Worth, for Overcash Goodman Enterprises, Inc., and Johnson Pollard & Associates.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

PER CURIAM.

Capitol City Nursing Home, Inc., and others, appellees, have filed a motion to dismiss this appeal for want of jurisdiction claiming Virginia Butts, appellant, failed to timely perfect appeal. We will grant appellees' motion and dismiss the appeal.

The district court signed an order on January 31, 1985, granting appellees' motion to dismiss for want of prosecution. On February 19, 1985, appellant filed an unverified motion to reinstate pursuant to Tex.R.Civ.P.Ann. 165a (Supp.1985). On March 6, 1985, the district court heard the motion, denied it, and also denied appellant leave to file an amended, verified, motion to reinstate. The order denying the motion was signed April 4, 1985. On April 30, 1985, appellant filed a cash bond in an effort to perfect her appeal from the order of dismissal.

A cost bond, cash, or affidavit in lieu thereof must be filed within thirty days after the judgment is signed, unless a timely motion for new trial has been filed, in which case the time period to file the cost bond is extended to ninety days. Tex.R. Civ.P.Ann. 356 (1985). Appellant did not file her cost bond within thirty days of the order dismissing the case. The bond was filed, however, within ninety days of the order of dismissal. Whether appellant complied with Rule 356 depends on whether the motion to reinstate filed on February 19, 1985, is the equivalent of a motion for new trial and served to extend the time to file the appeal bond to ninety days.

Appellant urges that the "Motion to Reinstate" filed on February 19 should be treated as a motion for new trial. Appellant relies upon *General Motors Corp. v. Lane*, 496 S.W.2d 533 (Tex.1973) and *Davis v. Laredo Diesel*, 611 S.W.2d 943 (Tex.App. 1981, writ ref'd n.r.e.). Those opinions support the thesis that a motion to reinstate is equivalent to a motion for new trial. The Supreme Court in *General Motors*, however, observed that it was *not* considering the effect of Rule 165a, which was not effective at the time of trial of the cause in that appeal. The Court in *Davis* citing *General Motors*, failed to consider that the Supreme Court did not decide the effect of Rule 165a.

This Court views *Gilbert v. Huber, Hunt & Nichols, Inc.*, 672 S.W.2d 9 (Tex.App. 1984), writ ref'd n.r.e., 671 S.W.2d 869 (Tex. 1984) as dispositive. In *Gilbert*, the Court of Appeals held that for the plaintiff to appeal from an order of dismissal for want of prosecution, he must file his appeal bond within thirty days of the day on which the order of dismissal was signed. The Supreme Court, in refusing writ of error, noted that, prior to the enactment of Rule 165a, motions to reinstate were treated as motions for new trial. The Court then held that the "reinstatement of a cause following dismissal for want of prosecution for whatever reason is governed by the timetable contained in Rule 165a." 671 S.W.2d at 870. By this treatment, the Supreme Court has foreclosed the possibility of treating motions to reinstate as motions for new trial; therefore, absent a timely motion for

new trial, appeal must be perfected within 30 days. Rule 356(a).

Appellant also argues that Rule 165a is cumulative of any other remedies, citing *Davis v. Laredo Diesel, supra.* Rule 165a does indeed provide that it is cumulative of other remedies. It does not follow, however, that because a motion to reinstate is cumulative of other remedies, the motion to reinstate should be treated as if it were some other remedy, such as a motion for new trial. It only follows that a party should be able to file both a motion to reinstate and a motion for new trial.

Appellant suggests finally that despite the label, "Motion to Reinstate," the motion should nevertheless be treated as a misnomered motion for new trial. The "Motion to Reinstate" under consideration is labeled a motion to reinstate under Rule 165a. The motion urges the court to set aside the order of dismissal, claiming that the cause was not properly dismissed under Rule 165a. The motion does not request a new trial or complain of any matter other than the dismissal's impropriety under Rule 165a. Without treating every motion to reinstate as a motion for new trial, it is difficult to see how the motion in question could be other than a motion to reinstate.

The motion is granted and the appeal is dismissed for want of jurisdiction.