Virginia BUTTS, Petitioner,

v.

CAPITOL CITY NURSING HOME, INC., et al., Respondents.

No. C–4936.

Supreme Court of Texas.

March 5, 1986.

Willie Schmerler, San Antonio, for petitioner.

Brown, Maroney, Rose, Barber & Dye, Jan Soifer, Austin, Gandy, Michener, Swindle, Whitaker & Pratt, Joseph W. Spence, Fort Worth, for respondents.

## ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

Virginia Butts filed an unverified motion to reinstate within thirty (30) days after an order was signed dismissing her personal injury suit. The trial court denied the motion. Butts filed an appeal bond eighty-eight (88) days after the order of dismissal was signed. Relying upon the decision of this court in *Gilbert v. Hubert, Hunt, Nichols, Inc.*, 671 S.W.2d 869 (Tex.1984), the court of appeals dismissed the appeal for want of jurisdiction. 700 S.W.2d 628.

 We refuse the application for writ of error, no reversible error. However, we disapprove the court of appeals' holding that the filing of a motion to reinstate pursuant to Tex.R.Civ.P. 165a does not extend the time for perfecting appeal to within ninety (90) days after the judgment is signed. The court of appeals incorrectly relied upon *Gilbert* in support of its decision.

At the time *Gilbert* was decided, Rule 165a required that a motion to reinstate be filed and acted upon within thirty (30) days of the signing of the order of dismissal. Subsequent to the dismissal in *Gilbert* and prior to the dismissal in this case, Rule 165a was amended. No longer is the trial court required to act upon the motion within thirty (30) days. Instead, Rule 165a now provides the. same time periods for filing and overruling the motion as provided in Rule 329b governing motions for new trials. Therefore, the filing of a motion to reinstate has the same effect as a motion for new trial in respect to extending the time for perfecting an appeal to within ninety (90) days after the order of dismissal is signed.

The decision of the court of appeals, applying law based upon the former language of Rule 165a, is in conflict with Rule 165a as amended. However, the court properly dismissed Butts' appeal since the motion to reinstate was not verified as required by Rule 165a. Since there was no proper motion filed with the court within thirty (30) days of the signing of the order of dismissal, the time for perfecting appeal was not extended and the court of appeals did not have jurisdiction.

The application for writ of error is refused, no reversible error. Tex.R.Civ.P. 483.