**Jewel CHRISTOPHER, Appellant,**

v.

**Dr. Donald E. FUERST, Appellee.**

No. B14–85–637–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 13, 1986.

Rehearing Denied April 10, 1986.

John H. Holloway, Houston, for appellant.

Larry J. Doherty, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

The central issue in this appeal is whether an unverified, prematurely filed motion to reinstate is equivalent to a motion for new trial for purposes of extending the time for perfecting an appeal. We hold it is not.

Appellant, plaintiff in the trial court, filed plaintiff's Original Petition in September, 1979. Although appellant set the case on the trial docket several times in 1981,

appellant's attorney testified at a hearing on his Motion to Reinstate that he knew the case could not possibly be reached for trial until 1984. From 1979 to 1984, the only activity in this lawsuit was pre-trial discovery initiated by the appellee. In April 1984, this cause was on the court's dismissal docket for want of prosecution. However, the court granted appellant's Motion to Reinstate and the case was taken off the dismissal docket. Between April 1984 and April 1985, there was no discovery by either party and the cause was not set for trial. In April 1985, the cause again appeared on the trial court's dismissal docket for want of prosecution. On April 17, 1985, appellant filed a Motion to Reinstate. On May 3, 1985, the trial court's docket sheet noted the case was dismissed, and on May 6, 1985, the order of dismissal was signed by the trial court. On August 5, 1985, there was a hearing on the Motion to Reinstate, and the motion was denied. On that same date, ninety days after the dismissal order was signed, appellant also filed the appeal bond.

■ Appellant alleges the trial court erred in denying his Motion to Reinstate. Appellant contends the parties had executed a trial certification form and the trial court abused its discretion in denying the Motion to Reinstate the cause of action. We hold that the trial court lost jurisdiction prior to the hearing on the Motion to Reinstate which was held on August 5, 1985. The dismissal order was signed May 6, 1985, and no motion for new trial was filed. The trial court lost jurisdiction thirty days after signing the judgment, to wit: June 5, 1985. *See* Tex.R.Civ.P. 306a and 329b.

■ Prior to 1973, the effective date of Rule 165a, there was a disparity in the appellate time limits and requirements for motions for new trial and motions to reinstate. However, pursuant to the amendment in April 1984, a motion to reinstate is now overruled by operation of law if no hearing is held thereon within seventy-five days after the judgment is signed. It is now aligned with Rule 329b governing motions for new trial. Because of the dispari-

ties prior to 1973, motions to reinstate had been treated as motions for new trial. *See General Motors Corp. v. Lane*, 496 S.W.2d 533 (Tex.1973), and *Davis v. Laredo Diesel, Inc.*, 611 S.W.2d 943 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.). *General Motors* and *Davis* support the theory that a motion to reinstate is equivalent to a motion for new trial; however, *General Motors* observed that Rule 165a was not yet in effect, and *Davis* failed to observe that *General Motors* did not decide the effect of Rule 165a. Therefore, those courts have not determined what effect Rule 165a would have on the necessity of treating a motion to reinstate as a motion for new trial.

■ Even if the amended Rule 165a was intended to make motions to reinstate equivalent to motions for new trial, appellant still has two insurmountable problems. Rule 306c, entitled "Prematurely Filed Documents," was not amended to include motions to reinstate; and Rule 356, entitled "Time For Perfecting Appeal," was not amended to allow filing of an appeal bond within ninety days after the judgment is signed if a *motion to reinstate* is timely filed. Further, Rule 165a, Subd. 2, requires that a motion to reinstate be *verified* and filed within thirty days *after* the order of dismissal is signed. Appellant herein filed his Motion to Reinstate prematurely, and it was not verified. Since the Motion to Reinstate was not prepared and filed as required by the Rule, the trial court did not have a proper motion to reinstate upon which it could act. Subsequent to the signing of the order of dismissal, nothing was filed by appellant which would extend the time for perfecting an appeal.

■ The supreme court has recently discussed the policy of treating motions to reinstate as motions for new trial prior to the enactment in 1973 of Rule 165a. *Gilbert v. Huber, Hunt & Nichols, Inc.*, 671 S.W.2d 869 (Tex.1984). However, the court indicated that the policy changed in 1973 with the enactment of the Rule, and held that "reinstatement of a cause following dismissal for want of prosecution for whatever reason is governed by the time table contained in Rule 165a." 671 S.W.2d at

870. One court has held in its analysis of *Gilbert* that "the Supreme Court has foreclosed the possibility of treating motions to reinstate as motions for new trial." *Butts v. Capitol City Nursing Home, Inc.*, 700 S.W.2d 628, 629 (Tex.App.—Austin 1985, writ requested). We expressly disagree with the *Butts* analysis of *Gilbert;* however, we agree with the results because the *Butts* motion to reinstate was also unverified.

■ Appellant's Motion to Reinstate is totally void of any language, in the body or in the prayer, that would lead one to believe it was intended as a motion for new trial. Appellant argued that "the name or style of the motion was immaterial" and the trial court should have granted it "even if it was written on toilet paper." We disagree. We hold that the unverified, prematurely filed Motion to Reinstate is not the equivalent of a motion for new trial, and it did not extend the time for perfecting an appeal within ninety days after the order of dismissal was signed.

■ Although our disposition of this appeal does not require that we rule on the merit of appellant's claim of abuse of discretion, we find a compelling reason to do so. Appellant's counsel has voraciously attacked the integrity and honesty of the trial court in his brief and more particularly in his oral argument. Appellant's counsel claims the trial judge signed, but failed to date, an order reinstating the cause of action. He claims the judge later dated the order as of August 5, struck the language granting the motion and thus denied the motion. Appellant's attorney further alleges the trial court denied the Motion to Reinstate for reasons of personal dislike and prejudice. We find no evidence to support any of these allegations. After the case was reinstated in April 1984, appellant failed to set the cause for trial or negotiate a settlement for the next twelve months. Even after the case was dismissed, appellant failed to obtain a hearing on the document purporting to be a motion to reinstate until ninety days after the judgment was signed. There was sufficient evidence for the trial court to find the want of prosecution was either intentional or the result of conscious indifference. Appellant has failed to show that the delay in bringing this lawsuit to a final determination or disposition was due to any accident, mistake or any other *reasonably* explained cause or occurrence, as required by Rule 165a(2). We have carefully reviewed the record, briefs, case law and argument of counsel, and we find no abuse of discretion. We are aware of opinions that suggest an abuse of discretion for dismissing a case in which the plaintiff has announced that he is ready for trial. *See Moore v. Armour & Co.*, 660 S.W.2d 577 (Tex.Civ.App.—Amarillo 1983, no writ), and cases cited therein. We believe those cases are distinguishable from the facts in this appeal. Further, we believe the trial court should have the power to control the court's docket and to assess sanctions against parties who seek to abuse the trial process. The dockets of the trial courts of our state have been too crowded for too long, and unless it is clearly shown that the trial judge acted capriciously, arbitrarily or unreasonably, his sanction of dismissal should be affirmed. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985).

The trial court's order of dismissal became a final order June 5, 1985. This appeal is not timely filed; therefore, it is dismissed.