**James R. HALES, Appellant,**

v.

**CHUBB & SON, INC., Appellee.**

No. 01–85–0669–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 7, 1986.

James Boanerges, Houston, for appellant.

Lynn Van Dusen, Houston, for appellee.

Before DUGGAN, LEVY and DUNN, JJ.

OPINION

DUNN, Justice.

James R. Hale appeals an order dismissing his suit for want of prosecution.

---

**1.** See paragraph one, quoted earlier in the opinion.

Chubb & Son, Inc. (Chubb) originally filed this suit as an interpleader in 1979. Chubb, an insurer, deposited the sum of $12,500, which it had offered as a reward for two stolen paintings, with the District Clerk. Chubb sought a declaration of no liability, the return of the money, and attorney's fees. The suit named the appellant and Carol Vance, former District Attorney, as defendants with conflicting claims to the money. Both defendants filed answers, counterclaims, and cross-claims for the fund. The docket sheet reflects that in 1982 the trial court denied a summary judgment motion filed by Chubb. No further activity occurred until 1984, when the court granted a motion to retain allegedly filed by the appellant.

On April 1, 1985, the case reappeared on the court's dismissal docket. The docket sheet reflects that appellant filed a motion to retain that was denied on April 1. On April 29, appellant filed a verified motion to reinstate the dismissed case. On May 6, the trial court signed the order of dismissal. The record does not reflect that another motion to reinstate was filed after the order was signed. On July 19, the court held a hearing on the motion to reinstate and denied the motion. On July 28, appellant filed his appeal bond.

In four points of error, appellant challenges the trial court's order dismissing the suit for want of prosecution and denying the motion to reinstate. However, this Court does not have jurisdiction to discuss the merits of the issues raised on appeal because we find that the appeal bond was not timely filed.

Generally, a bond for costs on appeal is required to be filed with the clerk within 30 days after the judgment is signed, or within 90 days after the judgment is signed if a timely motion for new trial has been filed. Tex.R.Civ.P. 356. Recently, in a per curiam opinion on application for writ of error, the Texas Supreme Court ruled that:

Rule 165a now provides the same time periods for filing and overruling the motion as provided in Rule 329b governing motions for new trials. Therefore, the filing of a motion to reinstate has the same effect as a motion for new trial in respect to extending the time for perfecting an appeal to within ninety (90) days after the order of dismissal is signed.

*Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex.1986).

Rule 165a of the Texas Rules of Civil Procedure governs the reinstatement of a cause following dismissal for want of prosecution. See *Gilbert v. Huber, Hunt, & Nichols, Inc.*, 671 S.W.2d 869 (Tex.1984); *Aetna Casualty & Surety Co. v. Harris*, 682 S.W.2d 670 (Tex.App.—Houston [1st Dist.] 1984, no writ).

Rule 165a(2) provides, in part, that:

A motion to reinstate shall set forth the grounds therefore and be verified by the movant or his attorney. It shall be filed with the clerk *within 30 days after* the order of dismissal is signed or within the period provided by Rule 306a. (Emphasis added.)

It is now accepted that the proper filing of a motion to reinstate under Rule 165a has the same effect of extending the time to perfect an appeal as the filing of a motion for new trial. See *Butts*, 705 S.W.2d at 697; *Speck v. Ford Motor Co.*, 709 S.W.2d 273 (Tex.App.—Houston [14th Dist.], 1986, no writ).

If the motion to reinstate is not properly filed, however, it will not have the effect of extending the time to perfect an appeal. *See, e.g., Butts*, 705 S.W.2d at 697; *Christopher v. Fuerst*, 709 S.W.2d 266 (Tex. App.—Houston [14th Dist.], 1986, no writ).

In *Butts*, the plaintiff filed an *unverified* motion to reinstate within 30 days after the order was signed dismissing her suit for want of prosecution. The plaintiff did not file an appeal bond until 88 days after the order was signed. The court held that because the motion to reinstate was not verified as required by Rule 165a, it was not properly filed with the court. Therefore, the time for perfecting the appeal was

not extended to within 90 days of the signing of the dismissal order. *Butts,* 705 S.W.2d at 697.

Similarly, in *Christopher,* the plaintiff filed an *unverified* motion to reinstate on April 17, 1985. The order dismissing the case was not signed until May 6. After the order was signed, the plaintiff failed to file either a new motion to reinstate or a motion for new trial in order to extend the time for perfecting an appeal.

The Fourteenth Court of Appeals held that the *"unverified, prematurely filed* Motion to Reinstate is not the equivalent of a motion for new trial, and it did not extend the time for perfecting an appeal within ninety days after the order of dismissal was signed." (Emphasis added) *Christopher v. Fuerst,* 709 S.W.2d 266, 269.

The court reasoned that because Tex.R. Civ.P. 306c, entitled "Prematurely Filed Documents" was not amended to include motions to reinstate, and because the motion is required to be filed within 30 days *after* the dismissal order is signed, the trial court did not have a proper motion to reinstate upon which it could act. *Id.* Therefore, the trial court lost jurisdiction 30 days after the judgment was signed. *See also* Tex.R.Civ.P. 306a, 329b.

In the present case, the motion to reinstate was verified, but *prematurely filed* on April 29, five days *before* the order of dismissal was signed. Moreover, appellant did not file his appeal bond until July 28, more than 82 days after the judgment was signed.

For this motion to reinstate to be effective, this Court would have to amend and add the motion to reinstate to the specific list of documents set out by the Texas Supreme Court in Rule 306c (prematurely filed documents).

This rule-making power is invested solely in the Supreme Court of Texas. *See* Tex. Gov.Code Ann. sec. 22.004 (Vernon Pamphlet 1986). The court of appeals is not authorized or impowered to enact or amend rules of procedure. *Beach v. Runnels,* 379 S.W.2d 684, 686 (Tex.Civ.App.—Dallas 1964, no writ).

Accordingly, we find that because the motion to reinstate in the present case was *prematurely filed,* it was not properly before the trial court under Rule 165a. Moreover, as no further motions for reinstatement or new trial were filed subsequent to the signing of the dismissal order, the time for perfecting the appeal was not extended to 90 days after the order was signed.

The requirement that an appellant file a cost bond within 30 days after the judgment is signed, or within 90 days after the judgment is signed if a timely motion for new trial is filed, is mandatory and jurisdictional. *Young v. Kilroy Oil Co. of Texas,* 673 S.W.2d 236 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

Accordingly, this appeal is dismissed for want of jurisdiction.

LEVY, Justice, concurring.

I agree that this cause of action should be affirmed but not for the reasons set out in Justice Dunn's opinion. This Court has jurisdiction to determine the issues in this cause because the Texas Supreme Court has determined that a motion to reinstate is to be treated in virtually all respects as a motion for new trial. *Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696 (Tex. 1986). Tex.R.Civ.P. 165a, as amended, now provides the same time periods for filing and overruling the motion to reinstate as provided in Rule 329b governing motions for new trials, and should be just as efficacious in extending to 90 days after the dismissal order is signed the time for filing an appeal bond. A motion to reinstate qualifies by strong implication for inclusion under Rule 306c, entitled "Prematurely Filed Documents," extending the appellant's timetable for filing an appeal bond from 30 days to 90 days after final judgment. If we treat the motion to reinstate as filed on the same day, but subsequent to, the date the dismissal order was signed, i.e., on May 6, the appeal bond was proper-

ly filed within 90 days, i.e., on July 28. An incidental, but quite significant, result would be the avoidance of a procedural technicality depriving a party of an appellate adjudication on the merits when he clearly indicates his intention to appeal.

Inasmuch as I believe we have jurisdiction, I will address appellant's point of error concerning whether or not the trial court abused its discretion in denying the motion to reinstate.

Appellant filed suit in 1980. Between 1980 and 1984, when he filed his first motion to retain, he did nothing to develop his case. Nevertheless, the court granted his motion to retain, but the appellant did not take any further action until March 29, 1985, when he addressed interrogatories to Chubb. On April 1, the case appeared again on the dismissal docket, and was subsequently dismissed on May 6, 1985.

The trial court may consider the *entire* history of a case in deciding whether or not to dismiss for want of prosecution. *State v. Rotello*, 671 S.W.2d 507, 509 (Tex.1984). Appellate review of dismissal for want of prosecution is pivoted on whether the trial court committed a clear abuse of discretion. *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85, 87 (1957).

Appellant did nothing to prosecute his case for over four years. Only after receiving notice of impending dismissal did he act to keep the case on the docket. After the 1984 motion to retain was granted, he again failed to pursue the case. In light of the history of this case, we cannot say that the trial court abused its discretion in dismissing for want of prosecution.

I would overrule appellant's point of error and affirm the judgment of the trial court.