**BRIM LAUNDRY MACHINERY CO., INC., Appellant,**

v.

**WASHEX MACHINERY CORP., Appellee.**

No. 2–92–155–CV.

Court of Appeals of Texas, Fort Worth.

May 25, 1993.

Rehearing Overruled June 29, 1993.

300 S.W.2d 170 (Tex.Civ.App.—Austin 1957, no writ), we overrule that earlier case.

Richard A. Valdes, Page & Addison, P.C., Dallas, David E. Keltner, Haynes & Boone, L.L.P., Forth Worth, for appellant.

D. D'Lyn Davison, Sherrill & Pace, Wichita Falls, for appellee.

Before FARRIS, HICKS and HARRY HOPKINS (Retired, Sitting by Assignment), JJ.

## OPINION ON REHEARING

FARRIS, Justice.

We grant appellant's motion for rehearing, withdraw our prior opinion and judgment, dated March 31, 1993, and substitute this opinion so as to further analyze the merits of the dismissal for want of prosecution. In all other matters, this opinion is identical to the opinion of March 31, 1993.

Appellant, Brim Laundry Machine Co., Inc., by writ of error appeals an order dismissing for want of prosecution, a denial of its motion for a nunc pro tunc order, and a judgment voiding a reinstatement order which was entered after the trial court's plenary power expired.

We affirm, holding that error is not apparent on the face of the record because the trial court: gave notice and an opportunity for a hearing before it dismissed for want of prosecution on November 15, 1991; correctly declared the December 19, 1991 reinstatement order void because it was entered after the court's plenary power expired; correctly denied Brim's motion for a nunc pro tunc order because the dismissal of this case on November 15th was not a clerical error; and did not abuse its discretion in dismissing the case for want of prosecution.

Brim sued Washex Machinery Corp., appellee, on March 6, 1986, alleging it bought faulty tunnel washers from Washex, the manufacturer. Brim claimed breach of warranty, fraud, deceptive trade practices, reputational harm, and wrongful termination.

In August of 1991, the clerk sent Brim notice the case was "to be dismissed for want of prosecution on November 12, 1991," unless a motion to retain and a signed order retaining the case was filed before the court-imposed deadline. Brim presented a motion to retain after the deadline. In a letter dated October 4, 1991, the court refused to file the late motion and informed Brim the case would be dismissed, pursuant to the earlier notice, and Brim would have to file a motion to reinstate.

Brim filed a motion to reinstate on October 10th. The court entered an order reinstating the case on November 14th. Then, a blanket dismissal order of 111 cases, including this case, was filed on November 15th. Soon thereafter, Brim received notice the case was dismissed on November 15th.

After the court's plenary power over the November 15th dismissal expired, on December 19th, the court entered another reinstatement order which stated:

On the 14th day of November, 1991, the Court entered its order reinstating the above entitled and numbered cause, and thereafter through mistake an order was again entered dismissing said cause and it was not the intention of the Court to dismiss said cause.

. . . .

A dismissal order was intended to have been signed on November 12, 1991, but by the time the order was prepared for the Court's signature, the same could not be signed until November 15, 1991, which made it subsequent to the order entered by this Court reinstating this cause on November 14, 1991. After the order reinstating this cause was entered on November 14, 1991, there was never any notice by the Court of the Court's intention to dismiss in accordance with Rule 165(a) T.R.Civ.P.

Over a week later, Brim filed a motion for nunc pro tunc order claiming the date "November 15" on the dismissal was a clerical error. An evidentiary hearing on this motion was held on February 7, 1992. Finally, on May 12, 1992, the court entered a judgment denying the motion and voiding the December 19th reinstatement order because it was entered after the court's plenary power expired. In its judgment, the court found:

1. After proper notice, neither party timely filed a Motion to Retain or requested a hearing on a Motion to Retain as required by this Court's order.

2. Based on such failure of the parties, the Court intended to, and did in fact, dismiss this action on November 15, 1991. The Court finds no clerical error in its dismissal order of November 15, 1991.

3. Following such dismissal on November 15, 1991, neither party timely sought reinstatement pursuant to Rule 165A of the Texas Rules of Civil Procedure nor timely filed a Motion for New Trial; therefore, the Court's plenary power over this matter expired on December 15, 1991.

4. The December 19, 1991 Order Reinstating Case is void.

■ We overrule Washex's argument that Brim participated in an actual trial from which judgment was rendered. Washex argues Brim had participated because Brim "initiated this action ... and has participated in the proceedings in the trial court since that date," relying on *Norman v. Dallas Cowboys Football Club*, 665 S.W.2d 137, 139 (Tex.App.—Dallas 1983, no writ) (per curiam); *Thacker v. Thacker*, 496 S.W.2d 201, 204 (Tex.Civ.App.—Amarillo 1973, writ dism'd); *Brandt v. Village Homes Inc.*, 466 S.W.2d 812, 815 (Tex.Civ. App.—Fort Worth 1971, writ ref'd n.r.e.). Each of these cases involve motions for a summary judgment and a hearing on those motions. *Norman*, 665 S.W.2d at 139; *Thacker*, 496 S.W.2d at 204; *Brandt*, 466 S.W.2d at 814.

This case was dismissed for want of prosecution. Brim presented a motion to retain, but it was not filed and there was no hearing which led to the dismissal. While Brim participated in discovery, motions to compel, and previous motions to retain, taking part in preliminary trial proceedings does not constitute participation in the actual trial. *In Interest of Van Hersh*, 662 S.W.2d 141, 144 (Tex.App.— Amarillo 1983, no writ). After the November 15th dismissal, Brim tried, albeit unsuccessfully, to get the case reinstated. It also unsuccessfully sought a nunc pro tunc order correcting the dismissal. These actions are analogous to those of a party seeking a new trial rather than those of a party suffering a summary judgment after motion and hearing. The statute was not intended to cut off the right of appeal by writ of error for those who participate only to the extent of seeking a new trial or the like. *See Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941). Thus, we hold that Brim did not participate in an actual trial from which a final judgment was rendered.

Washex also contends that error is not apparent on the face of the record. When determining whether error is apparent, we "may consider all of the papers on file in the appeal." *DSC Finance Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex.1991) (per

**300** ■

curiam). After reviewing all the papers on file in relation to Brim's six points of error, we agree error is not apparent on the face of the record and overrule each of Brim's points of error.

■ We overrule Brim's first and second points that the trial court erroneously denied its motion for a nunc pro tunc order. The trial court correctly denied the motion because the November 15th dismissal was not a clerical error. Only a clerical error may be corrected by a nunc pro tunc order after a court's plenary power has expired. Tex.R.Civ.P. 316, 329b; *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 405 (Tex. 1971).

■ A clerical error occurs when there is an error in the entry of the actual judgment instead of an error in the rendition of the judgment. *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 292 (1953), *overruled on other grounds, Jackson v. Hernandez*, 155 Tex. 249, 285 S.W.2d 184–91 (1955); *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex.1986). Whether there was a judicial mistake or a clerical error is a question of law and the trial court's findings on the issue, while relevant, are not determinative. *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex. 1968). However, the trial court's intent is relevant when determining whether there was a clerical error. *Knox*, 257 S.W.2d at 292.

The record reveals that the November 15th dismissal order did not erroneously reflect the date of the court's actual judgment dismissing the case. On May 12, 1992, after the evidentiary hearing, the court held that it intended to dismiss on November 15th and there was no clerical error in that dismissal order. While the court's December 19th order states that it intended to sign a dismissal order on November 12th, it did not do so until November 15th. The court never found that dismissal was rendered on November 12th.

Even so, Brim argues the December 19th order correctly shows the case was rendered dismissed on November 12th, was reinstated on November 14th, and the court never rendered judgment again dismissing the case the next day. In support of this argument, Brim relies on: 1) the letters which stated the case would be dismissed on November 12th for want of prosecution; and 2) the court's statement in the December 19th order that "through mistake an order was *again* entered dismissing" the case.

■ Rendition does not occur until the court's decision is officially announced, either orally in open court or by signed memorandum. *Knox*, 257 S.W.2d at 292; *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 59 (Tex.1970); *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex.1976). This announcement must declare a present intent to render rather than an intent to render in the future. *Piperi*, 534 S.W.2d at 330; *see Samples Exterminators v. Samples*, 640 S.W.2d 873, 874–75 (Tex.1982) (per curiam). Neither of the letters relied upon by Brim renders judgment dismissing the case on November 12th; they merely inform Brim of the court's future intent to render on that date. Further, the December 19th order merely reflects that the court reinstated the case on November 14th because of its mistaken belief that it had been dismissed on November 12th. There is no evidence that the court rendered dismissal on November 12th. Thus, the fact that the case was dismissed later than the court intended was merely a lack of efficient administration, not an error in the entry of the actual judgment.

Cases where a clerical error occurred are distinguishable from the unusual occurrences in this case. For example, in *Knox v. Long*, the trial court signed a blanket dismissal order, listing 182 cases. *Knox*, 257 S.W.2d at 292. After signing the dismissal order, the court found two active cases in the stack of cases being dismissed, and separated them from the pile. *Id.* The supreme court held that at this point the trial court rendered judgment dismissing only 180 cases. *Id.* However, the clerk left the cases on the filed dismissal orders, so they were dismissed as a clerical error. *Id.* In our case, the court intended to render dismissal and did so when it signed the November 15th dismissal order. The dismissal was not a clerical error.

This case is also distinguishable from *Wiegand v. Riojas,* 547 S.W.2d 287 (Tex. Civ.App.—Austin 1977, no writ), where the record incorrectly reflected the date judgment was rendered. *Id.* at 291. Here, the record reveals that November 15th was the only date that dismissal was rendered. The date on the dismissal order was not a clerical error.

■ We overrule Brim's third point of error that the December 19th order was entered before the court's plenary power expired. Brim filed a premature motion to reinstate but that motion did not extend the trial court's plenary power to the signing of the December 19th order. Brim argues that motions to reinstate are to be treated "in virtually all respects" as motions for new trial. Next, it notes that TEX.R.CIV.P. 306c saves prematurely filed motions for new trial, deeming them filed on the date subsequent to the signing of judgment. Thus, Brim argues that Rule 306c also saves its premature motion for reinstatement.

Two appellate courts have refused to apply Rule 306c to save a premature motion to reinstate. *Christopher v. Fuerst,* 709 S.W.2d 266, 268 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Hales v. Chubb & Son Inc.,* 708 S.W.2d 597, 599 (Tex.App.—Houston [1st Dist.] 1986, no writ). Brim argues that they were "wrongly decided." We disagree.

The supreme court has held that the "filing of a motion to reinstate has the same effect as a motion for new trial *in respect to extending the time for perfecting an appeal* to within ninety (90) days after the order of dismissal is signed." *Butts v. Capitol City Nursing Home,* 705 S.W.2d 696, 697 (Tex.1986) (per curium) (emphasis added). We do not agree with Brim that *Butts* holds that the motions are to be treated the same in all respects. *Butts* is premised on specific language in Rule 165a treating the motions the same only when determining the time for perfecting an appeal. *Id.; see* TEX.R.CIV.P. 165a.

In this case, we are determining the proper filing date for a motion to reinstate. There is nothing in Rule 165a adopting the savings provision of Rule 306c for a premature motion to reinstate. As noted in *Hales:*

For this motion to reinstate to be effective, this Court would have to amend and add the motion to reinstate to the specific list of documents set out by the Texas Supreme Court in Rule 306c (prematurely filed documents).

*Hales,* 708 S.W.2d at 599. We agree with *Hales* that we are not authorized to make such an amendment. *See id.;* TEX.GOV'T CODE ANN. § 22.004 (Vernon 1988 & Supp. 1993).

■ We overrule Brim's fourth point of error that the May 12, 1992 judgment is void because it was entered after the court's plenary power had expired. The May 12th judgment declared the December 19th reinstatement order void because it was entered after the court's plenary power expired. Courts may at any time declare an order void when it was signed after the court's plenary power expired. TEX.R.CIV.P. 329b(f); *Ashpole v. Millard,* 778 S.W.2d 169, 171 (Tex.App.—Houston [1st Dist.] 1989, no writ).

■ We overrule Brim's fifth point of error that the trial court erroneously dismissed the case on November 15th without notice or a hearing as required in TEX. R.CIV.P. 165a. The record reflects that Brim was given notice and an opportunity for a hearing before the only dismissal for want of prosecution. Thus, the trial court did not have to send Brim another notice and give it another opportunity for a hearing.

■ Finally, we overrule Brim's sixth point of error that the trial court abused its discretion when it dismissed the case for want of prosecution. A trial court may dismiss a case for want of prosecution under its inherent power to control its docket, subject to an abuse of discretion review. *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85, 87 (1957); *Johnson v. J.W. Const. Co.,* 717 S.W.2d 464, 465 (Tex.App.—Fort Worth 1986, no writ). Brim argues the trial court abused its discretion, relying on *Rorie v. Avenue Shipping Co.,* 414 S.W.2d 948 (Tex.Civ.App.—Houston 1967, writ ref'd

n.r.e.) (opinion on reh'g) and *William T. Jarvis Co. Inc. v. Wes-tex Grain Co. Inc.*, 548 S.W.2d 775 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.).

In *Rorie*, the trial court abused its discretion in dismissing the case for want of prosecution because during the three months before the dismissal, plaintiff: 1) filed his second amended original petition; 2) made requests for admissions; 3) answered one of the defendant's plea in abatement; 4) filed a third amended original petition; 5) filed stipulations of a compensation lien executed by all parties; 6) filed special exceptions to a defendant's answer; 7) twice announced ready for trial; 8) made a deposition; 9) took a witness' deposition; and 10) appeared at a hearing. *Rorie*, 414 S.W.2d at 950, 954.

In *William T. Jarvis*, the trial court abused its discretion because after the court informed the plaintiffs of its intent to dismiss for want of prosecution, they: 1) persuaded the trial court to remove the case from the dismissal docket; 2) secured leave to file amended pleadings and contact all counsel to assist the court in making a preferential setting; 3) filed the amended pleadings; and 4) obtained a preferential setting. *William T. Jarvis*, 548 S.W.2d at 778.

*Rorie* and *William T. Jarvis* stand for the rule that "[w]here ... the plaintiff has announced ready for trial and has secured a trial setting or is otherwise making a diligent effort to get the case to trial, the case should not be dismissed for lack of prosecution." *Moore v. Armour & Co. Inc.*, 660 S.W.2d 577, 578 (Tex.App.—Amarillo 1983, no writ); *see also Johnson*, 717 S.W.2d at 466.

The facts of our case are distinguishable from those of *Rorie* and *William T. Jarvis*. From 1988 on, this case was listed on the court's yearly dismissal docket. In 1988, 1989, and 1990, motions to retain were filed and the case was taken off the dismissal docket. Unlike *Rorie*, the record does not show any discovery activity from May of 1991 until the case was dismissed, six months later.

In its motion for rehearing, Brim argues there was no discovery because it had concluded all essential discovery and it was prepared to go to trial. The record does reveal that Brim's attorney requested a special setting for May 20, 1991. Yet, the record does not reveal why the case did not go to trial at that date. The case received another setting for August 12, 1991. The record does not reveal who requested that setting or why the case did not go to trial on that date. The case was reset to go to trial on October 7, 1991 but the court postponed due to docket congestion and asked the parties to set another date. Brim did not secure another trial setting. In fact, even after the trial court informed it that the case would be dismissed for want of prosecution because it had not secured another trial setting, it did not file a motion to retain. Instead, it filed a motion to transfer venue.

Brim argues in its motion for rehearing that it cannot be charged with failure to prosecute because the lapse of time in getting the case to trial was due to failure of the judicial system to provide a trial. The record is clear that one resetting was due to the trial court's docket congestion; however, the record does not reveal why the case was reset any other time, why Brim did not seek another trial setting despite its wish to transfer venue, or why Brim did not timely file a motion to retain after the court gave it notice that the case would be dismissed. Unlike *William T. Jarvis*, there is nothing in the record that reveals that Brim diligently attempted to secure a trial setting or otherwise get the case to trial. For this reason, error is not apparent on the face of the record so we hold that the trial court did not abuse its discretion by dismissing the case for want of prosecution.

The court's November 15, 1991 order, dismissing the cause for want of prosecution, and May 12, 1992 judgment, voiding the December 19th reinstatement and denying the motion for a nunc pro tunc order, are affirmed because error does not appear on the face of the record.