Concepcion PEREZ, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, In Receivership; Texas Property and Casualty Insurance Guaranty Association; and Second Injury Fund, Appellees.

No. 03–96–00013–CV.

Court of Appeals of Texas, Austin.

July 17, 1996.

Felipe Garcia, Jr., Law Offices of Ramon Garcia, P.C., Edinburg, Craig S. Smith, Smith and Edwards, Corpus Christi, for appellant.

Sheila Ellwood Skaggs, Asst. Atty. Gen., Tort Litigation Div., Austin, for Second Injury Fund.

Jerri Lynn Ward, Mullen, MacInnes, Redding and Grove, Austin, for Texas Employers' Ins. Assoc., Texas Property and Cas. Ins. Guar. Ass'n.

Before POWERS, JONES and B.A. SMITH, JJ.

### ORDER

PER CURIAM.

The office of the Clerk of this Court filed appellant's "Motion to Extend Time for Filing of Transcript and Statement of Facts" and by letter questioned our jurisdiction over the appeal. After an extension of time for the response because of a change in counsel, appellant tendered its "Motion to Continue Appeal." We will grant appellant's motion and retain the appeal on our docket.

## Background

■ Two defendants moved to dismiss appellant's cause against them for want of prosecution. The court signed an order granting their motion on August 22, 1995. That order, however, was not final as it did not dispose of one defendant. Appellant, pursuant to the mailbox rule, had timely filed a verified motion to reinstate with regard to the interlocutory August 22, 1995, judgment. The trial court denied appellant's motion to reinstate. Appellant filed a motion to reconsider the denial of the motion to reinstate and motion to reinstate on September 20, 1995. The court signed an order of nonsuit disposing of the final defendant on November 14, 1995, which triggered the appellate timetables. *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex.1995). Whether this Court has jurisdiction over the appeal depends on whether a verified motion to reinstate filed before the signing of the judgment is effective to extend the appellate timetables.[1] Although three cases have held that a prematurely filed motion to reinstate does not extend the appellate timetables, none of those cases considered the effect of Rule 58 but instead relied on Texas Rule of Civil Procedure 306c ("Rule 306c").

## The Existing Cases

Two of the three cases refusing to allow a premature motion to reinstate were decided before the Rules of Appellate Procedure were effective.[2] *Christopher v. Fuerst*, 709 S.W.2d 266, 268 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Hales v. Chubb & Son, Inc.*, 708 S.W.2d 597, 599 (Tex.App.—Houston [1st Dist.] 1986, no writ). At the time those two cases were decided, Rule 306c specifically enumerated the following items as documents that would be deemed filed on the date of, but subsequent to, the judgment: motion for new trial, request for findings of fact and conclusions of law, appeal bond,

affidavit in lieu of bond, notice of appeal, and notice of limitation of appeal.

The court in *Fuerst* noted that a motion to reinstate was not one of the items specifically listed in Rule 306c. *Fuerst*, 709 S.W.2d at 268. The court in *Hales* stated that it would have to "amend and add the motion to reinstate to the specific list of documents set out by the Texas Supreme Court in Rule 306c (prematurely filed documents)." *Hales*, at 599. The dissent in that case would have held that Rule 306c included a motion to reinstate. *Id.*

Only one case has considered the effect of a prematurely filed motion to reinstate after the effective date of the Rules of Appellate Procedure. *Brim Laundry Mach. Co. v. Washex Mach. Corp.*, 854 S.W.2d 297, 301 (Tex.App.—Fort Worth 1993, writ denied). However, the court in *Brim* never mentioned Rule 58. The court relied on Rule 306c and *Hales* to hold a prematurely filed motion to reinstate ineffective.

## Texas Rule of Appellate Procedure 58

■ In general, rules should be construed reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule. *Maxfield v. Terry*, 888 S.W.2d 809, 811 (Tex. 1994); *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex.1993); *Jones v. Stayman*, 747 S.W.2d 369, 370 (Tex.1987). Texas Rule of Appellate Procedure 58 does not contain a specific list of items as did Rule 306c.[3] Rule 58(a) says:

> Proceedings relating to an appeal need not be considered ineffective because of prematurity if a subsequent appealable order has been signed to which the premature proceeding may properly be applied.

Rule 58 has been interpreted to include motions for new trial. *Harris County Hosp. Dist. v. Estrada*, 831 S.W.2d 876, 878 (Tex.

---

1. The appeal bond was late with regard to the November 14, 1995 judgment unless the appellate timetables were extended.

2. The Rules of Appellate Procedure were effective September 1, 1986. 49 Tex. B.J. 556 (Tex. 1986).

3. Rule 306c now includes only motions for new trial and findings of fact and conclusion of law.

App.—Houston [1st Dist.] 1992, no writ); *Gill v. Rosas*, 821 S.W.2d 689, 690 (Tex. App.—El Paso 1991, no writ); *White v. Schiwetz*, 793 S.W.2d 278, 280 (Tex.App.—Corpus Christi 1990, no writ). A verified motion to reinstate extends the appellate timetables in the same way as does a motion for new trial. *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex.1986); Tex.R. Civ. P. 165a. We think it logical to consider a verified motion to reinstate as being a proceeding relating to an appeal for purposes of Rule 58. Further, we note that the language in Rule 58 shifted away from the specific listing of certain appellate documents in Rule 306c to the broad language of "proceedings relating to an appeal." The existing opinions concerning the effect of a prematurely filed motion to reinstate relied heavily on the specificity of the items listed in Rule 306c to exclude motions to reinstate. We do not think the language in Rule 58 compels the exclusion of a verified motion to reinstate, whereas interpreting Rule 58 to allow a prematurely filed motion to reinstate to extend the appellate timetables harmonizes with the general principle of liberally construing the rules of appellate procedure when possible.

Accordingly, we grant appellant's motion to continue the appeal. Under the extended appellate timetables, appellant's appeal bond, transcript and statement of facts were timely. We dismiss appellant's motion and amended motion to extend time to file the record because they are no longer necessary.

It is so ordered.