In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00420-CV
_____

UNIFUND CCR, LCC, Appellant

V.

CHARLES W. WHITAKER, Appellee

On Appeal from the 88th District Court
Hardin County, Texas
Trial Cause No. 60199

MEMORANDUM OPINION

After Unifund CCR, LLC sued Charles W. Whitaker because he owed Unifund around $10,000 on a debt, the trial court dismissed the suit for want of prosecution when Unifund's attorney failed to appear when the trial court called the case to trial. Although Unifund filed a motion for new trial after the trial court dismissed the suit, the post-judgment motion that it filed was not timely.[1] For that

_____

[1]Tex. R. Civ. P. 306(a)(1), 329b(a).

1

reason, we must decide whether Unifund perfected its right to appeal. Because the answer is no, the appeal must be dismissed.[2]

Background

In March 2019, Unifund sued Whitaker alleging that he breached a credit agreement and owed Unifund, after "all just and lawful offsets, credits, and payments[,]" around $10,000 on a debt. Shortly after Whitaker answered, Unifund moved for summary judgment on its claim alleging Whitaker was in breach of the agreement obligating him to pay the debt.

At Unifund's request, the trial court notified the parties it would conduct a "final hearing" in the case on August 8, 2019. But on August 8, when the trial court called its docket, Unifund's attorney failed to appear for the "final hearing" that it requested the trial court to schedule in the suit. The reporter's record from the hearing the trial court conducted on August 8 reflects the trial court noted Unifund had failed to appear for the trial. Whitaker's attorney, who did appear for the hearing, moved for dismissal.

On August 13, 2019, the trial court signed an order of dismissal. More than thirty days later—September 24, 2019—Unifund filed its motion for new trial. In

___

[2]Tex. R. App. P. 25.1(b) (stating that a party's failure to take the steps required to allow the appellate courts to exercise jurisdiction over the appeal "does not deprive the appellate court of jurisdiction but is ground only for the appellate court to act appropriately, including dismissing the appeal").

the motion, Unifund alleged its attorney failed to appear for the final hearing due to "a calendaring error on the part of Plaintiff's Counsel."[3] The trial court never ruled on the motion since Unifund never asked the trial court to schedule a hearing date on the motion.[4] In November 2019, just about three months after the trial court signed the order of dismissal, Unifund filed a notice of appeal.[5]

## Analysis

Here, the parties do not argue that the order of dismissal is not a final, appealable order. Even so, we must still address issues that affect jurisdiction before we may address the issues that Unifund has raised in its brief.[6] Generally, the Rules of Appellate Procedure require parties to file their notice of appeal within thirty days of the date the trial court signed the final judgment or final order disposing of the suit.[7] Even so, the thirty-day deadline applicable to notices of appeal may be extended to ninety days from the judgment or final order dismissing the suit for want

---

[3]We note the allegations in the motion regarding the calendaring error are not verified or supported by affidavit. *See* Tex. R. Civ. P. 324(b)(1).

[4]*See id*. 329b(c).

[5]The record shows Unifund filed its notice of appeal electronically on November 11.

[6]*M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (noting the duty of the Court "to review *sua sponte* issues affecting jurisdiction").

[7]Tex. R. App. P. 26.1.

of prosecution when the record shows the plaintiff filed a timely, *verified* motion to reinstate within thirty days after it suffered a dismissal of its suit.[8]

Here, Unifund's motion for new trial was neither verified, nor supported by affidavit. It also never filed a motion to reinstate. So even if we were to treat Unifund's post-judgment motion for new trial as a motion to reinstate,[9] a matter we need not decide, we can't do so here because Unifund's motion for new trial is not verified, nor is it supported by an equivalent affidavit.[10]

On this record, we conclude the trial court lost the plenary power it had to reinstate the case.[11] Unifund's unverified motion for new trial—even were we to

---

[8]Tex. R. Civ. P. 165a; Tex. R. App. P. 26.1(a)(3) (requiring the facts in a motion to reinstate to be "verified by the movant or his attorney").

[9]*See* Tex. R. Civ. P. 71 ("When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated."); *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (per curiam) (explaining "courts should acknowledge the substance of the relief sought despite the formal styling of the pleading"). We note Unifund never filed any affidavits to support the allegation in its motion for new trial.

[10]Tex. R. Civ. P. 165a(3).

[11]*See Westbrook v. Heirs of Crockett*, No. 09-17-00073-CV, 2018 Tex. App LEXIS 3500, at *5 (Tex. App.—Beaumont 2018, no pet.) (mem. op.). In Unifund's appeal, the record shows that Unifund filed a Request for Findings of Fact and Conclusions of Law within thirty days of the court's ruling to dismiss its suit. But Rule 165a contemplates that motions to reinstate are the way a party should seek to have the trial court reinstate a case, dismissed for want of prosecution, on the active court docket. Tex. R. Civ. P. 165a(3). And while the record shows Unifund filed a timely request for findings of fact and conclusions of law, a request that in some cases operates to extend the thirty-day deadline for the notice of appeal, the request for findings does not do so here because findings were not required and are not relevant for this Court to properly dispose of the appeal. *See* Tex. R. App. P. 25.1(a), 26.1(a)(4).

4

ignore title on the motion and treat it as having asked the trial court to reinstate the case—failed to extend the plenary power the trial court needed to alter the final order the trial court signed to dismiss the suit.[12] "The time limits provided in Rule 165a are mandatory and jurisdictional; orders of reinstatement entered after the expiration of the trial court's plenary power are void."[13]

## Conclusion

Under the circumstances and for the reasons fully explained above, Unifund's appeal from the trial court's order of dismissal is dismissed for want of jurisdiction.[14]

As a result, Unifund's notice of appeal was untimely. Without a timely filed notice of appeal, this Court lacks jurisdiction.[15] Accordingly, we dismiss the appeal for want of jurisdiction.[16]

APPEAL DISMISSED.

_____
HOLLIS HORTON
Justice

Submitted on April 20, 2021
Opinion Delivered December 30, 2021
Before Golemon, C.J., Kreger and Horton, JJ.

---

[12]*See McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (holding that unverified motion to reinstate does not extend the trial court's jurisdiction to hear case); *Butts v. Capitol Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986) (holding that unverified motion to reinstate did not extend time to perfect appeal).
[13]*Westbrook*, 2018 Tex. App. LEXIS 3500, at *4.
[14]Tex. R. App. P. 42.3(a).
[15]*Id*. 25.1(b).
[16]*Id*. 42.3(a)