ACCEPTED
15-24-00109-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/11/2025 1:37 PM
CHRISTOPHER A. PRINE
CLERK

# NO. 15-24-00109-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/11/2025 1:37:03 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS
## FOR THE FIFTEENTH DISTRICT OF TEXAS
## AT AUSTIN

BRANDON HODGES, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS TRUSTEE OF DISTRICT FOR MIDLAND ISD, ET
AL.,

*Appellants*

v.

PECOS-BARSTOW-TOYAH INDEPENDENT SCHOOL DISTRICT, ET
AL.,

*Appellees*

Accelerated Appeal from the 201st Judicial District Court
Travis County, Texas
Cause No. D-1-GN-24-005018

**Plaintiff-Appellee School Districts' Brief and Motion to Dismiss**

| | |
|---|---|
| Kevin O'Hanlon | **O'HANLON, DEMERATH & CASTILLO** |
| kohanlon@808west.com | 808 West Ave. |
| Benjamin Castillo | Austin, Texas 78701 |
| bcastillo@808west.com | (512) 494-9949 |
| Nick Maddox | (512) 494-9919 (fax) |
| nmaddox@808west.com | |
| Edward Smith | Counsel for Plaintiff-Appellee |
| esmith@808west.com | School Districts |

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................. ii

INDEX OF AUTHORITIES.............................................................................iv

Statement of Jurisdiction.................................................................................1

Issues Presented ..............................................................................................4

      1.      Can School Board Intervenors that are not parties to the
            lawsuit bring an interlocutory appeal to this Court?..............................4

      2.      Did the trial court act within its discretion in dismissing
            the School Board Intervenors for lack of justiciable
            interest?..................................................................................................4

      3.      Is the School Board Intervenors' request for relief moot
            given that they have already received the Texas A–F
            ratings they seek? ..................................................................................4

      4.      Unbriefed: Whether the trial court abused its discretion in
            granting temporary injunction because the evidence only
            showed the Commissioner's compliance with the law, and
            School Districts did not demonstrate that any action of the
            Commissioner would harm the School Districts...................................4

Statement of Facts ..........................................................................................5

Summary Argument.........................................................................................9

Standard of Review .......................................................................................11

Argument........................................................................................................14

      1.      The School Board Intervenors are not parties before this
            Court and their appeal of the temporary injunction should
            be treated as an amicus curiae. ...........................................................14

            a.      The School Board Intervenors are not parties
                   because they failed to properly challenge their

dismissal for want of prosecution in the trial court. .................14

    b.    The School Board Intervenors are not parties before this Court because they failed to give notice and properly contest their dismissal in the court of appeals..................................................................................18

    c.    Because the litigation is stayed, this Court lacks the authority to remand the School Board Intervenors' dismissal to the trial court for reconsideration..........................20

2.    The trial court properly exercised its discretion in dismissing the School Board Intervenors for want of a justiciable interest...............................................................21

    a.    The trial court properly exercised its discretion in dismissing the School Board Intervenors for lack of a justiciable interest because they could not bring the case in their own name.........................................21

    b.    The trial court properly exercised its discretion in dismissing the School Board Intervenors because they bring separate and unrelated issues to the case. .......................................................................................22

3.    The School Board Intervenors' request for relief is moot because they have already received the Texas A–F ratings they seek. .......................................................................24

PRAYER ........................................................................................................26

CERTIFICATE OF COMPLIANCE...............................................................28

CERTIFICATE OF SERVICE .......................................................................28

# INDEX OF AUTHORITIES

**Cases**

*Abdullatif v. Erpile, LLC*,
   460 S.W.3d 685 (Tex. App.—Houston [14th Dist.] 2015, no pet.).....................12

*Bryant Law Firm v. Walker*,
   No. 14-22-00789-CV, 2024 WL 2150099, *2 (Tex. App.—Houston [14th Dist.]
   May 14, 2024) (mem. op.)..................................................................................19

*Canton-Carter v. Baylor Coll. of Med.*,
   271 S.W.3d 928 (Tex. App.—Houston [14th Dist.] 2008).................................19

*City of McAllen v. Ramirez,*
   875 S.W.2d 702 (Tex. App. –Corpus Christi 1994, orig. proceeding)................15

*Clark v. Yarbrough,*
   900 S.W.2d 406 (Tex. App.—Texarkana 1995, writ denied)...................... 15, 17

*Gamboa v. Alecio*,
   604 S.W.3d 513 (Tex. App.—Houston [14th Dist.] 2020, no pet.)....................11

*Gilbert v. Huber, Hunt, Nichols, Inc.,*
   671 S.W.2d 869 (Tex.1984) .................................................................... 2, 15, 16

*Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,*
   793 S.W.2d 652 (Tex.1990) ............................................................. 11, 12, 21, 22

*Guest v. Dixon*,
   195 S.W.3d 687 (Tex. 2006) ..............................................................................15

*Gunn v. Cavanaugh*,
   391 S.W.2d 723 (Tex. 1965)................................................................................2

*Heckman v. Williamson County,*
   369 S.W.3d 137 (Tex. 2012)..............................................................................24

*In re Ford Motor Co.*,
   442 S.W.3d 265 (Tex. 2014)..............................................................................13

*In re Geomet Recycling LLC,*
578 S.W.3d 82 (Tex. 2019) ...............................................................................20

*In re Lumbermens Mut. Cas. Co.*,
184 S.W.3d 718 (Tex. 2006) .................................................................................2

*In re Union Carbide Corp.,*
273 S.W.3d 152 (Tex. 2008) ................................................................ 11, 13, 21

*Kenneth D. Eichner, P.C. v. Dominguez,*
No. 14-20-00358-CV, 2022 WL 364070, *3 (Tex. App.—Houston [14th Dist.]
Feb. 8, 2022, no pet.)............................................................................. 11, 12

*Martinez v. El Paso County,*
218 S.W.3d 841 (Tex.App. —El Paso 2007, pet. stricken) ................................19

*Mendez v. Brewer*, 626 S.W.2d 498 499 (Tex. 1982) .............................................12

*Oliphant Fin. LLC v. Angiano,*
295 S.W.3d 422 (Tex. App.—Dallas 2009, no pet.);.........................................15

*Rainbow Grp., Ltd. v. Wagoner,*
219 S.W.3d 485 (Tex. App.—Austin 2007) ......................................................18

*Sierra Club v. Texas Comm' on Environmental Quality,*
188 S.W.3d 220 (Tex. App.–Austin 2005, no pet.) .................................. 2, 15, 16

*State v. Naylor Eyeglasses,*
466 S.W.3d 78 (Tex. 2015). ..................................................................................2

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.,*
852 S.W.2d 440 (Tex. 1993)..................................................................................1

*Thomas v. Thomas,*
No. 14-02-01286-CV, 2003 WL 1088220, *1-2 (Tex. App. – Houston [14th
Dist.] March 13, 2003, no pet.) (mem. op.). ......................................................19

*Williams v. Lara,*
52 S.W.3d 171(Tex. 2001) ..................................................................................24

*Young v. Di Ferrante,*
553 S.W.3d 125 (Tex. App.—Houston [14th Dist.] 2018)................................15

*Zeifman v. Michels*, 229 S.W.3d 460, 464 (Tex. App.—Austin 2007, pet. denied) ................................................................................................ 11, 22

**Rules**

TEX. CIV. PRAC. & REM. CODE § 51.014........................................................ 3, 5, 20

TEX. CIV. PRAC. & REM. CODE § 51.014(b) ........................................................20

Tex. R. App. P. 38.1........................................................... 5, 8, 19, 20

Tex. R. App. P. 25.1(f)........................................................................5, 18

TEX. R. CIV. P. 60 .....................................................................................5

TEX. R. CIV. P. 165a ........................................................................ passim

TEX. R. CIV. P. 329b(a) ............................................................ 2, 6, 14, 17

## STATEMENT OF JURISDICTION

The School Districts disagree with the School Board Intervenors' Statement of Jurisdiction.

**The School Board Intervenors are not parties to the lawsuit.** They were dismissed by the trial court and did not properly challenge their dismissal. (CR 540-41). Even though they are not parties to this lawsuit, they now seek an interlocutory appeal of the trial court's declaratory judgment order preventing the Commission of Education from taking *ultra vires* action. (CR 539). Specifically, in their *Notice of Accelerated Interlocutory Appeal*, the School Board Intervenors state:

> School Board Member Intervenors desire to and hereby give notice of their appeal of the trial court's *Order Granting Plaintiffs' Application for Temporary Injunctive Relief* entered on September 18, 2024

(CR 594-95).

Because they were dismissed and are not parties to the lawsuit, and did not appeal the trial court's dismissal order, this Court lacks jurisdiction over the School Board Intervenors' claims on appeal. Their claims should be dismissed by this Court for want of jurisdiction.

Standing is a component of subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd*., 852 S.W.2d 440, 444 (Tex. 1993). Appellate standing is typically afforded only to parties of record. *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724–725 (Tex. 1965). An appeal filed by an improper party must be dismissed. *Id.*

Texas appellate courts consistently hold that only parties to the trial court proceedings may pursue an appeal, and a *party dismissed by the trial court must properly challenge their dismissal in the trial court to preserve appellate standing.* *See, In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723-24 (Tex. 2006) (holding that a party dismissed from litigation must timely seek reinstatement or appeal the dismissal to retain standing); *State v. Naylor Eyeglasses*, 466 S.W.3d 783, (Tex. 2015). If an intervenor fails to file a motion for reinstatement in the trial court, under Texas Rules of Civil Procedure 165a or otherwise challenge their dismissal in the trial court, they forfeit their ability to participate in appellate proceedings.

In the case at hand, in the trial court, after their dismissal for want of prosecution, the School Board Intervenors did not file the required motion to reinstate. TEX. R. CIV. P. 165a; *Sierra Club v. Texas Comm' on Environmental Quality*, 188 S.W.3d 220, 222 (Tex. App.–Austin 2005, no pet.) (holding a motion for reinstatement is the only remedy available to a party whose case has been dismissed for want of prosecution). Nor did they file a motion to modify the judgment. TEX. R. CIV. P. 329b(a); *see, Gilbert v. Huber, Hunt, Nichols, Inc.,* 671 S.W.2d 869, 870 (Tex.1984) (holding reinstatement of cause following dismissal for want of prosecution is governed by rules).

The School Board Intervenors were dismissed from the case by the trial court and they failed to properly appeal their dismissal through a motion to reinstate. In

addition, the School Board Intervenors did not challenge their dismissal in this Court. They are no longer a party to the litigation and lack standing to appeal to this Court under Texas Civil Practice & Remedies Code § 51.014.

# ISSUES PRESENTED

1. **Can School Board Intervenors that are not parties to the lawsuit bring an interlocutory appeal to this Court?**

2. **Did the trial court act within its discretion in dismissing the School Board Intervenors for lack of justiciable interest?**

3. **Is the School Board Intervenors' request for relief moot given that they have already received the Texas A–F ratings they seek?**

4. **Unbriefed: Whether the trial court abused its discretion in granting temporary injunction because the evidence only showed the Commissioner's compliance with the law, and School Districts did not demonstrate that any action of the Commissioner would harm the School Districts.**

## STATEMENT OF FACTS

The School Districts disagree with the School Board Intervenors' Statement of Fact.

**The School Board Intervenors are not parties to the lawsuit.** Because they are not parties to the lawsuit, this Court lacks jurisdiction over the School Board Intervenors appeal of the temporary injunction order. Their claims should be dismissed by this Court for want of jurisdiction. Tex. Civ. Prac. & Rem. Code § 51.014.

On August 13, 2024, the School Districts filed an *Original Verified Petition for Declaratory Judgment and Application for Temporary Restraining Order and Temporary Injunctive Relief*, seeking to prevent the Texas Commissioner of Education from acting *ultra vires* by implementing the 2024 A–F accountability ratings in violation of provisions in the Texas Education Code. (CR 5-31).

On August 23, 2024, Brandon Hodges, individually and in his official capacity as Trustee of Midland ISD, filed an *Original Petition in Intervention* pursuant to Texas Rules of Civil Procedure 60. (CR 99-109). On September 13, 2024, two trustees from Round Rock ISD joined Mr. Hodges in the suit by filing a *First Amended Verified Petition in Intervention*, collectively forming the School Board Intervenors. (CR 391-413). The School Districts did not object to or move to strike the School Board Intervenors' participation.

On September 16-17, 2024, the trial court held an in-person hearing on the School Districts' motion for temporary injunctive relief. (CR 536-39). The School Board Intervenors failed to appear at the hearing or otherwise participate. (CR 540). On September 18, 2024, the trial court granted the School Districts' application for a temporary injunction, restraining the Commissioner of Education from taking *ultra vires* actions. (CR 536-39). On the same day, the trial court *sua sponte* dismissed the School Board Intervenors without prejudice for want of prosecution, citing the following reasons:

1. **Want of Prosecution** – The School Board Intervenors did not attend the September 16-17, 2024 hearing and were dismissed for want of prosecution. (CR 540).

2. **Lack of Justiciable Interest** – The School Board Intervenors sought different relief than the School Districts and did not assert any of the School Districts' *ultra vires* claims against the Commissioner. (CR 540).

3. **Improper Expansion of Litigation** – Allowing the School Board Intervenors to proceed would inject new and distinct issues beyond those raised by the School Districts. (CR 541).

Despite their dismissal, the School Board Intervenors failed to file the required motion for reinstatement under Texas Rules of Civil Procedure 165a or any other motion contesting their removal. *See,* TEX. R. CIV. P. 329b(a). On September

19, 2024, and one day after the trial court signed the Order Granting Plaintiffs' Application for Temporary Injunctive Relief, the School Board Intervenors filed a *Second Amended Verified Petition in Intervention*. (CR 552-574). However, in this filing, the School Board Intervenors did not address all of the trial court's reasons for dismissing them, nor did they file the required motion to reinstate. **The trial court took no action on the School Board Intervenors *Second Amended Verified Petition in Intervention* and the School Board Members remained non-parties to the litigation.**

On October 8, 2024, the School Board Intervenors filed a *School Board Member Intervenors Notice of Accelerated Interlocutory Appeal* with the trail court. (CR 549-597). Importantly, in their notice of appeal to this Court the School Board Intervenors *did not challenge their dismissal* by the trial court for want of prosecution; instead, their notice *only* contested the trial court's grant of the temporary injunction in favor of the School Districts. *Id.* Specifically, in their *Notice of Accelerated Interlocutory Appeal*, the School Board Intervenors state:

> School Board Member Intervenors desire to and hereby give notice of their appeal of the trial court's *Order Granting Plaintiffs' Application for Temporary Injunctive Relief* entered on September 18, 2024

(CR 594-97).

The School Board Intervenors do not appeal the trial court's order of dismissal, nor do they challenge the trial court's order of dismissal before this Court.[1] *See Appellants' Brief*, pg. 13. As they are not parties to this lawsuit, the School Board Intervenors Appellant's Brief before this court functions solely as an *amicus curiae* submission, as they lack standing to seek relief from this Court.

---

[1] The School Board Intervenors state, in a footnote, that the trial court's dismissal of their petition in intervention "does not affect this analysis" but issues raised only in a footnote are not properly preserved and are inadequately briefed. *Appellants Brief*, pg. 29, fn4. *See* Tex. R. App. P. 38.1.

## SUMMARY ARGUMENT

**The School Board Intervenors are not parties to this lawsuit.** This Court should dismiss the School Board Intervenors for lack of jurisdiction.

The trial court properly dismissed the Schol Board Intervenors without prejudice for want of prosecution after they failed to appear at the temporary injunction hearing. (CR 540-41). After their dismissal, the School Board Intervenors did not take the necessary steps to contest their removal by the trial court, such as filing the required motion for reinstatement or any other appropriate motion. By failing to do so, they waived any argument regarding their dismissal and are no longer parties to this litigation.

Importantly, in their notice of appeal to this Court they *did not challenge their dismissal* by the trial court for want of prosecution; instead, their notice *only* contested the trial court's grant of the temporary injunction in favor of the School Districts. *Id.* Specifically, in their *Notice of Accelerated Interlocutory Appeal*, the School Board Intervenors state:

> School Board Member Intervenors desire to and hereby give notice of their appeal of the trial court's *Order Granting Plaintiffs' Application for Temporary Injunctive Relief* entered on September 18, 2024

(CR 594-95).

Alternatively, this court should affirm the trial court's order dismissing the School District Intervenors from the case. The trial court acted within its discretion in dismissing the School Board Intervenors, for the following reasons:

**First,** the School Board Intervenors did not appear at the trial court's temporary injunction hearing and were dismissed for want of prosecution. After dismissal, they did not file the proper motion for reinstatement with the trial court. (CR 540).

**Second,** the trial court did not abuse its discretion in determining the School Board Intervenors lack a justiciable interest in this litigation.

**Third**, the trial court did not abuse its discretion in determining that their intervention would introduce new and inappropriate claims.

**Finally**, the School Board Intervenors seek their 2024 Texas A–F ratings, which they already possess, rendering their claims moot.

**As the trial court did not abuse its discretion in dismissing the School Board Intervenors, the trial court's dismissal order should be affirmed.**

**STANDARD OF REVIEW**

An appellate court reviews an order dismissing for want of prosecution under an abuse of discretion standard. *Gamboa v. Alecio*, 604 S.W.3d 513, 515 (Tex. App.—Houston [14th Dist.] 2020, no pet.). "A trial court abuses its discretion if it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner." *Id.*

Texas Rules of Civil Procedure 60 provides that "[a]ny party may intervene by filing a pleading subject to being stricken out by the court for sufficient cause on the motion of any party." *Kenneth D. Eichner, P.C. v. Dominguez*, No. 14-20-00358-CV, 2022 WL 364070, *3 (Tex. App.—Houston [14th Dist.] Feb. 8, 2022, no pet.) (mem. op.). Only a party with a *justiciable interest* in a pending suit to intervene in the suit. *Id.*; *In re Union Carbide Corp.,* 273 S.W.3d 152, 154-55 (Tex. 2008); *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 657 (Tex. 1990).

The justiciable interest requirement is of "paramount importance" as it protects pending cases from having interlopers disrupt the proceedings. *In re Union Carbide Corp.,* 273 S.W.3d at 155. Whether an intervenor possesses a present justiciable interest is determined by the facts alleged in the petition in intervention, which also should be construed along with the allegations of fact set forth in the pleadings of the other parties. *Zeifman v. Michels*, 229 S.W.3d 460, 464 (Tex. App. – Austin 2007, pet. denied).

The standard of review for determining whether a trial court properly struck a petition in intervention for lack of a justiciable interest is abuse of discretion. *Kenneth D. Eichner, P.C. v. Dominguez,* No. 14-20-00555-CV, 2022 WL 364070, *3 (Tex. App.—Houston [14th Dist.] Feb. 8, 2022, no pet.) (mem. op.); *Guar. Fed. Sav. Bank,* 793 S.W.2d at 657. The test for whether a trial court abused its discretion is whether the trial court acted without reference to any guiding rules and principles, i.e., whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985).

It is well settled Texas law that a trial court has broad discretion in striking an intervenor for lack of a justiciable interest. *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *Mendez v. Brewer*, 626 S.W.2d 498 499 (Tex. 1982). ("It is settled law that a motion to strike an intervention is addressed to the sound discretion of the trial court."). Once an intervenor has been stricken, the burden shifts to the intervenor to show a justiciable interest in the lawsuit.[2] *Mendez,* 626 S.W.2d 499; *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657.

---

[2] An intervention is usually challenged by a motion to strike in the trial court. *See Abdullatif v. Erpile, LLC*, 460 S.W.3d 685, 694 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("Absent a motion to strike, one who files a petition in intervention generally becomes a party to the suit for all purposes."). Once a motion to strike has been filed, the *burden shifts to the intervenor to show a justiciable interest* in the lawsuit. *Mendez*, 626 S.W.2d 499.

Here, after the School District Intervenors failed to appear at the trial court's hearing on the temporary restraining order, the trial court *sue sponte* ordered dismissal of the School Board

The trial court may strike the intervenor without abusing its discretion if the intervenor: (1) could not have brought the same action, or any part thereof, in his own name or, if the action had been brought against him, he would be able to defeat recovery, or some part thereof, or (2) the intervention will complicate the case by an excessive multiplication of the issues, or (3) the intervention is not essential to effectively protect the intervenor's interest. [3] *Id.*

---

intervenors for want of prosecution and lack of a justiciable interest. (CR 540-41). After this order by the trial court, the School Board Intervenors bore the burden to file a motion to reinstate. *Mendez*, 626 S.W.2d 499. They failed to do so.

[3] Notably, this is the abuse of discretion standard for reviewing a trial court's holding on appeal of *plaintiff-intervenors,* and not necessarily *defendant-intervenors*.

Under Texas law, intervenors can be classified as either "plaintiff-intervenors" or "defendant-intervenors," depending on the claims asserted and the relief sought. *See, In re Ford Motor Co.*, 442 S.W.3d 265, 274–75 (Tex. 2014). However, courts rarely categorize intervenors as defendant-intervenors, as intervention generally involves a party seeking affirmative relief rather than defending against a claim. *Id.*

In this case, both the School Districts and the trial court treated the School Board Intervenors as plaintiff-intervenors because, (1) while the School District Intervenors identify a controversy between the School Districts and the School Board Intervenors, the School Board Intervenors did not assert in their pleadings—either at the trial court level or before this Court—that they sought to intervene as defendant-intervenors (CR 397); and (2) they did not appear at the trial court's temporary injunction hearing asserting a defensive posture as intervening-defendants. In its judgment dismissing the School Board Intervenors, the trial court applied the legal standard for plaintiff-intervenors. *See, In re Union Carbide Corp.,* 273 S.W.3d at 157.

Because the School Board Intervenors neither plead nor argued in the trial court or this Court that they were intervening-defendants, or that the trial court applied the incorrect standard or abused its discretion, for this appeal, the School Districts will continue to apply the legal standard for plaintiff-interventors. *Id.*

## ARGUMENT

**1. The School Board Intervenors are not parties before this Court and their appeal of the temporary injunction should be treated as an amicus curiae.**

The School Board Intervenors failed to preserve their dismissal in both the trial court and on appeal. In the trial court, they did not file the required motion to reinstate after being dismissed for want of prosecution. TEX. R. CIV. P. 165a. Nor did they file a motion to modify the trial court's order dismissing their case. TEX. R. CIV. P. 329b(a). By failing to file these motions, the trial court was denied an opportunity to reconsider its dismissal. In this Court, they also failed to notice or properly contest the trial court's order of their dismissal, instead they *only* appealed the trial court's temporary injunction order. (CR 594-97). Having failed to preserve their dismissal at trial court or at the appellate level, they are not parties to this case and should be dismissed for want of jurisdiction and their brief treated as an *amicus curiae*.

> **a. The School Board Intervenors are not parties because they failed to properly challenge their dismissal for want of prosecution in the trial court.**

The School Board Intervenors failed to properly preserve their challenge to the trial court's dismissal for failure to prosecute their claims. As a result, they are not parties to this litigation.

A trial court has the authority to sua sponte dismiss a case for want of prosecution pursuant to Texas Rules of Civil Procedure 165a or its inherent powers. *Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 424 (Tex. App.—Dallas 2009, no pet.); *Clark v. Yarbrough,* 900 S.W.2d 406, 408 (Tex. App.—Texarkana 1995, writ denied). A trial court may dismiss a case for *want of prosecution* if the party seeking relief fails to appear for *any* hearing or trial of which the party was noticed, for noncompliance with time standards, or for lack of due diligence. *Clark,* 900 S.W.2d at 408. The different kinds of dismissals are cumulative and independent. *Id.*

Under Rule 165a of the Texas Rules of Civil Procedure, a party dismissed for want of prosecution (DWOP) *must* file a *motion to reinstate* in order to intervene in the case after dismissal. *See Gilbert,* 671 S.W.2d at 870 (holding reinstatement of cause following dismissal for want of prosecution for whatever reason is governed by rules); *Sierra Club*, 188 S.W.3d at 222 (holding a motion for reinstatement is the only remedy available to a party whose case has been dismissed for want of prosecution); *see, also City of McAllen v. Ramirez,* 875 S.W.2d 702, 704–05 (Tex. App. –Corpus Christi 1994, orig. proceeding); *Guest v. Dixon*, 195 S.W.3d 687, 687-88 (Tex. 2006); *Young v. Di Ferrante*, 553 S.W.3d 125, 128 (Tex. App.—Houston [14th Dist.] 2018) (holding a motion to reinstate stands as the only remedy available to a party when the trial court has dismissed the case for want of prosecution).

Filing a motion to reinstate is a critical procedural step, as courts are required to follow reinstatement timetables and procedures. *See, e.g., Gilbert,* 671 S.W.2d 869, 870. To request reinstatement of a dismissed case, the movant or their attorney must submit a verified motion to reinstate with the clerk within 30 days of the dismissal order being signed. *Id.*; TEX. R. CIV. P. 165a.

In this case, the trial court conducted a hearing on the temporary injunction order – where the School Board Intervenors failed to appear – and thereafter, the trial court dismissed the School Board Intervenors for "want of prosecution." (CR 540-41). The trial court's dismissal order apprised the School Board Intervenors of the basis for their dismissal, including their failure to appear at the hearing, lack of justiciable interest in the litigation, and inappropriate insertion of new issues. *Id.* Thereafter, the School Board Intervenors' *only* remedy under Texas law was to file a *motion for reinstatement. Sierra Club*, 188 S.W.3d at 222 (holding rule 165a reinstatement procedure applies to all dismissals for want of prosecution, regardless of whether they are initiated by the court or motion of a party). The School Board Intervenors did not file the required motion to reinstate or request a hearing as required by Texas Rules of Civil Procedure 165a. *Id.* Instead, they filed a *Second Amended Verified Petition in Intervention*, thereby forfeiting an opportunity to correct any alleged error at the trial court level related to their dismissal for want of prosecution (CR 553-574).

Their *Second Amended Verified Petition in Intervention* did not assert the trial court abused its discretion in dismissing them for want of prosecution or otherwise fully address the trial court's reasoning for dismissing them from the case. *Id.* at 554; (CR 540-41). Instead of addressing the trial court's well-reasoned dismissal order, the School Board Intervenors instead relied on a procedural notice argument to claim they remained parties in the case. *Id.* at 554. However, their asserted notice issue does not override the trial court's clear determination and order that their intervention was improper, nor did it reinstate their status as parties to the litigation. TEX. R. CIV. P. 165a.

Additionally, the School Board Intervenors did not file a motion for reconsideration or a motion to modify, correct, or reform the trial court's dismissal judgment under Rule 329b(a) of the Texas Rules of Civil Procedure, which allows a party to challenge a dismissal within 30 days of the order. Thus, the trial court was not provided with the opportunity to reconsider or rectify potential dismissal errors before the case proceeded to this Court. *See,* Texas Rules of Civil Procedure 329b(a). Texas courts have consistently held that failing to raise an issue before the trial court results in waiver on appeal. *See, Clark,* 900 S.W.2d at 409 (finding that a party's failure to move for reinstatement or otherwise challenge dismissal in the trial court precluded appellate relief).

Because the School Board Intervenors did not take the procedural steps required by Texas Rules of Civil Procedure Rule 165a and case law to challenge their dismissal in the trial court, they failed to preserve their right to contest the trial court's dismissal ruling. Without a properly preserved issue, this Court lacks a basis to review the dismissal on appeal. As a result, the School Board Intervenors are not a party to this case, this Court lacks jurisdiction, and their claims cannot be considered on appeal.

> **b. The School Board Intervenors are not parties before this Court because they failed to give notice and properly contest their dismissal in the court of appeals.**

As the School Board Intervenors are not parties before this Court, their brief should be treated by this court as an *amicus curiae*. Under Texas Rules of Appellate Procedure 25.1(d), and Texas case law, a notice of appeal must identify the *trial court judgment* or appealable order being challenged. While the rule does not require specific grounds for appeal in the notice, failure to designate the correct judgment results in the appellate court declining to consider the issue on appeal. *See,* Tex. R. App. P. 25.1(f); *Rainbow Grp., Ltd. v. Wagoner*, 219 S.W.3d 485, 491-93 (Tex. App.—Austin 2007)(holding appellant could not alter its notice of appeal from appealing one interlocutory order to appealing an entirely separate interlocutory

order after deadline); *Thomas v. Thomas*, No. 14-02-01286-CV, 2003 WL 1088220, *1-2 (Tex. App. – Houston [14th Dist.] March 13, 2003, no pet.) (mem. op.).

In addition, it is well established that Texas Rule of Appellate Procedure 38.1(f) requires an appellant to include clear legal arguments, citations to authority, and references to the record in the appellate brief to preserve an issue for appellate review. *Bryant Law Firm v. Walker*, No. 14-22-00789-CV, 2024 WL 2150099, *4 (Tex. App. – Houston [14th Dist.] May 14, 2024) (mem. op.); s*ee Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App. – Houston [14th Dist.] 2008) (holding plaintiff waived issues on appeal by failing to allege trial court error, cite legal authority, or provide substantive legal analysis in appellate brief under Tex. R. App. P. 38.1(f), (i)); *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App. – El Paso 2007, pet. stricken). If an appellant fails to adequately brief the issue, it is waived on appeal. Tex. R. App. P. 38.1(f). (Appellant's brief must concisely state all issues or points presented for review).

Here, the School Board Intervenors failed to properly appeal their dismissal from the case. Instead of filing a notice of appeal challenging the trial court's dismissal order, they filed a notice of appeal challenging *only* the trial court's temporary injunction order. (CR 594-597). Specifically, in their *Notice of Accelerated Interlocutory Appeal*, the School Board Intervenors state:

School Board Member Intervenors desire to and hereby give notice of their appeal of the trial court's *Order Granting Plaintiffs' Application for Temporary Injunctive Relief* entered on September 18, 2024

(CR 594-95).

By failing to designate the dismissal order as the subject of their appeal or make any legal arguments regarding their dismissal to this Court, the School Board Intervenors waived their right to contest their removal from the case in this Court. *See* Tex. R. App. P. 38.1(f).

### c. Because the litigation is stayed, this Court lacks the authority to remand the School Board Intervenors' dismissal to the trial court for reconsideration.

Under Texas Civil Practice & Remedies Code § 51.014(b), an interlocutory appeal of a temporary injunction automatically stays all trial court proceedings related to the appealed order. *See, In re Geomet Recycling LLC*, 578 S.W.3d 82, 86-87 (Tex. 2019) ("Neither section 51.014 nor any other statute to which we are directed authorizes a court of appeals to lift the stay, whether altogether or for a limited purpose."). As a result, this Court lacks the authority to remand the School Board Intervenors dismissal from the litigation to the trial court for further consideration by the trial court until after this Court decides the temporary injunction. Furthermore, the School Board Intervenors have neither properly briefed nor formally requested such relief in this Court.

**2. The trial court properly exercised its discretion in dismissing the School Board Intervenors for want of a justiciable interest.**

The trial court did not abuse its discretion in striking the School Board Intervenors because the Intervenors do not have a justiciable interest in this litigation. *In re Union Carbide Corp.,* 273 S.W.3d at 155**;** *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657. The trial court's order dismissing the School Board Intervenors from the case should be upheld.

**a. The trial court properly exercised its discretion in dismissing the School Board Intervenors for lack of a justiciable interest because they could not bring the case in their own name.**

The trial court properly exercised its discretion in dismissing the School Board Intervenors. In its dismissal order, the court correctly found that the Intervenors lack a justiciable interest in the lawsuit, as they did not assert any of the *ultra vires* claims brought by the School Districts and are not requesting the same relief sought by the School Districts. (CR 540-41). As a result, they are not parties to this litigation and their claims should be dismissed.

Under Texas law, an intervenor must establish a justiciable interest by demonstrating that they could have *independently* initiated the lawsuit and obtained at least part of the relief sought by the School District's in the original action. *In re Union Carbide Corp.*, 273 S.W.3d at 155. Here, the School Board Intervenors do not seek the relief sought by the School Districts. The School Board Intervenors seek

declaratory relief *requiring* the Commissioner to assign A–F ratings. (CR 558-59). Their position *directly conflicts* with the School Districts' claims, which seek to *enjoin* the Commissioner from implementing the ratings on the grounds that his actions are *ultra vires*. (CR 25).

Because the School Board Intervenors are not asserting *ultra vires* claims and do not challenge the Commissioner's authority, they are not proper parties to this dispute and the trial court did not abuse its discretion in dismissing them.

**b. The trial court properly exercised its discretion in dismissing the School Board Intervenors because they bring separate and unrelated issues to the case.**

The trial court acted within its discretion in dismissing the School Board Intervenors because their participation would introduce separate and unrelated issues into the case. (CR 540). As a result, they are not parties to this litigation and their claims should be dismissed.

A trial court has broad discretion to deny intervention when the proposed intervenor's claims introduce new and distinct issues that diverge from those raised by existing parties. *See, Guar. Fed. Sav. Bank*, 793 S.W.2d at 657. If an intervenor's claims are speculative or unrelated to the core legal dispute, their intervention is properly denied. *Zeifman v. Michels*, 229 S.W.3d 460, 465 (Tex. App. – Austin 2007, pet. denied). The trial court correctly found that the School Board Intervenors'

claims would introduce separate and unrelated issues that diverge from those raised by the Plaintiff School Districts and the Commissioner of Education. (CR 541).

The School Districts' claims seek to prevent the Commissioner of Education from exceeding his authority by implementing A–F performance ratings without adhering to statutory requirements. (CR 25-26). In contrast, the School Board Intervenors seek declaratory relief affirming that the Commissioner has a statutory duty to release the ratings and request the rating release. (CR 558-59). These conflicting positions shift the focus of the case from whether the *Commissioner acted unlawfully* to *whether he is legally obligated to proceed* with the ratings. Because the Intervenors do not share the same legal claims or objectives as the School Districts, their participation would broaden the scope of the litigation, thereby complicating the proceedings and introducing extraneous issues.

In addition, the School Board Intervenors and the Commissioner of Education present distinct legal and policy arguments in this litigation. The School Board Intervenors emphasize their role as elected officials who rely on A–F accountability ratings to oversee school performance, allocate resources, and ensure transparency for parents and communities. (CR 102-105). By contrast, the Commissioner focuses on defending his compliance with statutory requirements and refuting the School District's claims regarding notice, College, Career, and Military Ready (CCMR) data, and STAAR scoring.

Since the School Board Intervenors' claims introduce new and distinct issues unrelated to the *ultra vires* claims asserted by the School Districts or the statutory authority of the Commission of Education, the trial court properly exercised its discretion in dismissing them from the case. The dismissal ensures that the litigation remains focused on the core dispute without unnecessary expansion into legal questions related to school boards.

**3. The School Board Intervenors' request for relief is moot because they have already received the Texas A–F ratings they seek.**

The School Board Intervenors' claims are moot because they have already obtained the relief they seek – access to their A–F accountability ratings. As a result, there is no live controversy, and this Court lacks jurisdiction over their claims.

A case becomes moot when there is no longer a justiciable controversy between the parties, and courts lack jurisdiction over moot claims. *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012) ("A suit can become moot at any time, including on appeal, and the courts have an obligation to take into account intervening events that may render a lawsuit moot."). Likewise, when a party's requested relief has been provided through other means, the case ceases to present a live dispute. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (holding that a case is moot if "there ceases to be a live controversy between the parties".)

Here, the School Board Intervenors seek to overturn the trial court's temporary injunction blocking the release of A–F ratings, arguing that these ratings are essential for school governance, accountability, and compliance with state law. (CR 560-61). However, they already have access to their A–F ratings through the Texas Education Agency's A–F Estimator Tool. *Tex. Educ. Agency,* 2024 Underlying Accountability Subset Data Available in TEAL (Aug. 14, 2024), https://tea.texas.gov/about-tea/news-and-multimedia/correspondence/taa-letters/2024-underlying-accountability-subset-data-available-in-teal.

Because the TEA has provided a mechanism for school districts to obtain their ratings and conduct performance assessments, the School Board Intervenors can perform their governance duties without further judicial intervention. The availability of the A–F Estimator Tool eliminates any ongoing controversy because it grants school districts access to the precise information they seek. Courts have consistently held that claims become moot when the requested relief is provided through other means. *Heckman***,** 369 S.W.3d at 162; *Williams***,** 52 S.W.3d at 184. Additionally, where a statute or agency policy is repealed or fundamentally altered, the basis for the challenge no longer exists. *Heckman***,** 369 S.W.3d at 162. Here, the TEA's provision of school performance data renders the School Board Intervenors' claims unnecessary.

Because the School Board Intervenors have obtained access to their A–F accountability ratings and no longer present a live controversy, their claims are moot. As a result, this Court lacks jurisdiction, and their appeal should be dismissed.

## PRAYER

For the reasons stated above, Plaintiff-Appellee School Districts respectfully request that this Court: (1) Dismiss the School Board Intervenors' claims as they are not parties to the lawsuit, and therefore lack standing; or (2) Affirm the trial court's order dismissing the School Board Intervenors from the lawsuit, as the trial court did not abuse its discretion in dismissing them for want of prosecution and lack of a justiciable interest; or (3) Dismiss the School Board Intervenors' appeal as moot, given that they have already obtained the relief they seek and this Court lacks jurisdiction over their claims.

Respectfully submitted,

By: */s/ Kevin O'Hanlon*
Kevin O'Hanlon
*kohanlon@808west.com*
State Bar No. 15235500
Benjamin Castillo
*bcastillo@808west.com*
State Bar No. 24077194
Nick Maddox
*nmaddox@808west.com*
State Bar No. 24092739

Edward Smith
*esmith@808west.com*
State Bar No. 24037790

**O'HANLON, DEMERATH & CASTILLO**
808 West Ave.
Austin, Texas 78701
(512) 494-9949
(512) 494-9919 (facsimile)
Counsel for Plaintiff-Appellee School
Districts

**CERTIFICATE OF COMPLIANCE**

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that based on the word count of the computer program used to prepare the foregoing document, the relevant sections of this document contain 4,919 words.


<u>/s/ Kevin O'Hanlon</u>
Kevin O'Hanlon


**CERTIFICATE OF SERVICE**

Pursuant to Tex. R. App. P. 9.5(e), an automated certificate of service will be generated when this document is e-filed.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lea Ohrstrom on behalf of Kevin O'Hanlon
Bar No. 15235500
lohrstrom@808west.com
Envelope ID: 98320842
Filing Code Description: Motion
Filing Description: Plaintiff-Appellee School Districts??? Brief and Motion to Dismiss
Status as of 3/11/2025 3:04 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Byron K.Henry | | byron.henry@solidcounsel.com | 3/11/2025 1:37:03 PM | SENT |
| Kevin O'Hanlon | 15235500 | kohanlon@808west.com | 3/11/2025 1:37:03 PM | SENT |
| Melissa Diaz | | melissa.diaz@solidcounsel.com | 3/11/2025 1:37:03 PM | SENT |
| Lea Ohrstrom | | lohrstrom@808west.com | 3/11/2025 1:37:03 PM | SENT |
| Walker StevenYoung | | walker.young@solidcounsel.com | 3/11/2025 1:37:03 PM | SENT |
| Edward Smith | | esmith@808west.com | 3/11/2025 1:37:03 PM | SENT |