**Vacated and Memorandum Opinion filed December 30, 2025.**



In The

# Fifteenth Court of Appeals

## NO. 15-25-00080-CV

**JAVIER VASQUEZ AND RJT COMMERCIAL, INC., Appellants**

**V.**

**MOISES TONCHE VARGAS, MARIA VARGAS, INDIVIDUALLY AND AS NEXT FRIEND OF S.A.V. AND E.I.V., MINORS AND SAUL VARGAS, Appellees**

**On Appeal from the 13th District Court**
**Navarro County, Texas**
**Trial Court Cause No. D18-27341-CV**

## MEMORANDUM OPINION

Appellants Javier Vasquez and RJT Commercial, Inc. filed this restricted appeal challenging the trial court's default judgment rendered in favor of Appellees Moises Tonche Vargas, Maria Vargas, individually and as next friend of S.A.V. and E.I.V., minors, and Saul Vargas (the Vargas Parties). Vasquez and RJT assert the trial court lacked jurisdiction to enter the October 18, 2024 default judgment against them. We conclude the trial court lost plenary power before entering the default

judgment. The default judgment therefore is void and we must vacate it.

## BACKGROUND

The Vargas Parties originally filed suit on September 26, 2018 related to a September 30, 2016 motor vehicle accident. The defendants included Appellants Vasquez and his employer RJT Commercial in addition to Francisco Lizama and Lizama's employer, Carmela Alvarado. The Vargas Parties alleged that Vasquez, while in the course and scope of his employment with RJT, ran into the back of Lizama's truck, and Lizama then ran into the back of the car in which the Vargas Parties were traveling. The Vargas Parties had citations issued to Vasquez and RJT, but never served the citations on either defendant. Defendants Alvarado and Lizama, not parties to this appeal, were served and answered.

The Vargas Parties asked the District Clerk to re-issue citations for Vasquez and RJT, which were issued on December 7, 2018. The record does not reflect service of the second citations.

The litigation continued with defendants Alvarado and Lizama and the Vargas Parties designating expert witnesses, agreeing to a continuance, and noticing depositions. On April 11, 2024, the trial court issued Notice of Intent to Dismiss for Want of Prosecution notifying the Vargas Parties that a mandatory dismissal hearing was set for May 21, 2024. The notice informed the Vargas Parties that failure to appear would result in automatic dismissal of the case. The Vargas Parties sought a continuance of the dismissal hearing after they filed a Motion for Default Judgment May 20, 2024, the day before the dismissal hearing was scheduled.

The Vargas Parties' Motion for Default Judgment alleged that Vasquez and RJT had been served by certified mail on October 11, 2018, but failed to file an answer. As evidence of receipt of service the Vargas Parties attached the trial court's

2

"Register of Actions," which reflected that citation on Vasquez and RJT was issued September 28, 2018, but the return was listed as either "NOT DELIVERED," or "UNCLAIMED."

On May 21, 2024, the Vargas Parties did not appear for the hearing. The trial court denied the Vargas Parties' motion for continuance and dismissed the case for want of prosecution. On June 17, 2024, the Vargas Parties filed a timely motion to reinstate. The Vargas Parties filed an amended verified motion to reinstate, and the trial court set a hearing on the motion to reinstate for July 9, 2024. The Vargas Parties' motions to reinstate were overruled by operation of law on August 5, 2024, 75 days after the dismissal order was signed. Tex. R. Civ. P. 165a(3). The trial court then sent a letter to counsel of record on August 13, 2024, advising that the motion to reinstate was denied, with "the same effect as if orally pronounced in open court." The trial court's plenary power expired September 4, 2024, 30 days after the motion to reinstate was overruled by operation of law. *See id.* ("If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.").

After the trial court's plenary power had expired, on October 14, 2024, the Vargas Parties filed a "First Supplemental Original Petition and Request for Disclosures." Four days later, the trial court signed a default judgment granting the Vargas Parties' motion for default judgment against all defendants, including Vasquez and RJT.

Defendants Alvarado and Lizama, not parties to this appeal, moved to set aside the default judgment due to the trial court's lack of plenary power to sign the judgment. The record does not reflect a ruling on Alvarado and Lizama's motion to

set aside the default judgment.

The Vargas Parties later moved to recuse and disqualify the trial court alleging bias. In denying the motion to recuse and disqualify, the presiding judge of the Third Administrative Judicial Region noted that "the trial court lost jurisdiction and its plenary power over this case at or near the 4th day of September, 2024, subsequent to entry of an order dismissing the case for want of prosecution on the 21st day of May, 2024."

On April 18, 2025, Vasquez and RJT filed notice of restricted appeal challenging the trial court's October 18, 2024 default judgment.

<div align="center">ANALYSIS[1]</div>

Vasquez and RJT challenge the default judgment on the grounds that (1) the judgment is void because the trial court lacked plenary jurisdiction having dismissed the case; (2) if the trial court had jurisdiction, judgment was improper because Vasquez and RJT were never served; and (3) Vasquez and RJT met the requirements to prevail in a restricted appeal. The Vargas Parties have not filed a brief in response to Vasquez and RJT's issues. We will address Vasquez and RJT's first and third issues together.

## I. Vasquez and RJT Met the Jurisdictional Requirements of a Restricted Appeal.

Generally, with certain exceptions not applicable here, a party who desires to

---

[1] The Texas Supreme Court ordered the Tenth Court of Appeals to transfer this case to our Court for the purpose of docket equalization. *See* Tex. Gov't Code § 73.001. Under the Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." Tex. R. App. P. 41.3. We are unaware of any conflict between the Tenth Court of Appeals' precedent and that of this Court on any relevant issue.

appeal a trial court judgment must file a notice of appeal within 30 days after the judgment is signed. Tex. R. App. P. 26.1. If a party "did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of" and did not timely file a post-judgment motion, request for findings of fact and conclusions of law, or timely file a notice of appeal, the party may pursue a restricted appeal by filing a notice of appeal within six months after the judgment or order is signed. Tex. R. App. P. 30. A notice of restricted appeal must state that these requirements are met. Tex. R. App. P. 25.1(d)(7). Vasquez and RJT's notice of restricted appeal satisfied these requirements.

To prevail in a restricted appeal, the filing party must show that: (1) notice of the restricted appeal was filed within six months after the judgment was signed; (2) the filing party was a party to the underlying lawsuit; (3) the filing party did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). "An appellant who satisfies the first three requirements establishes the court's jurisdiction and must then establish error from the face of the record to prevail in the restricted appeal." *Id*. at 497. The fourth requirement—error on the face of the record—requires an analysis of the merits of appellants' grounds for appeal. *Id*.

Vasquez and RJT met the first three requirements of a restricted appeal as noted in their notice of appeal. Notice of appeal was filed on April 18, 2025, within six months of the October 18, 2024 default judgment. *See Sherrard v. SignAd, Ltd.*, 637 S.W.3d 192, 195 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (notice of restricted appeal was timely although filed exactly six months after date of judgment because under Texas Rule of Appellate Procedure 4.1, the court does not consider

5

the day the judgment was signed in calculating the six-month deadline).

Having been named as defendants Vasquez and RJT were parties to the suit. *See Zanchi v. Lane*, 408 S.W.3d 373, 378 (Tex. 2013) ("Black's Law Dictionary defines 'party' as '[o]ne by or against whom a lawsuit is brought <a party to the lawsuit>,' BLACK'S LAW DICTIONARY 1231–32 (9th ed.2009), and Webster's International Unabridged Dictionary defines party as 'the plaintiff or defendant in a lawsuit,' WEBSTER'S INT'L DICTIONARY UNABRIDGED 1648 (3d ed.2002)"). The Texas Supreme Court held that the Rules of Civil Procedure require that a petition list the parties, supporting the conclusion that "service of process is not a prerequisite to that designation." *Id*. (citing Tex. R. Civ. P. 79). Finally, Vasquez and RJT did not participate in the proceeding that resulted in the default judgment. Therefore, the first three jurisdictional elements of a restricted appeal are met and we turn to whether Vasquez and RJT showed error on the face of the record.

## II. The Default Judgment is Void Because the Trial Court Lacked Plenary Power to Render Judgment.

A trial court may dismiss a case for want of prosecution on failure of any party seeking affirmative relief to appear for hearing or trial of which the party had notice. Tex. R. Civ. P. 165a(1). When a plaintiff's lawsuit is dismissed for want of prosecution, the remedy available to the plaintiff is a motion for reinstatement. *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 741 (Tex. App.— Waco 2005, pet. denied); Tex. R. Civ. P. 165a(3). A trial court's reinstatement of a case following dismissal for want of prosecution is governed by the timetable contained in Rule 165a. *Gilbert v. Huber, Hunt, Nichols, Inc.*, 671 S.W.2d 869, 870 (Tex. 1984) (per curiam).

A motion to reinstate must be filed within 30 days of the date the dismissal order is signed or within the period provided by Rule of Civil Procedure 306a. Tex.

6

R. Civ. P. 165a(3). If the motion to reinstate is not decided by signed written order within 75 days after the judgment is signed, the motion is overruled by operation of law. *Id*. The trial court has plenary power to reinstate the case until 30 days after all timely verified motions to reinstate are overruled, "either by a written and signed order or by operation of law, whichever occurs first." *Id*.

Here, the Vargas Parties filed a timely motion to reinstate, which was overruled by operation of law on August 5, 2024. The trial court's plenary power expired September 4, 2024, 30 days after the motion to reinstate was overruled by operation of law. Tex. R. Civ. P. 165a(3). Because the trial court's default judgment was signed well after the date it lost plenary jurisdiction, the October 18, 2024 default judgment is void. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding) (order signed by trial court outside plenary power is void); *In re Johnson*, 557 S.W.3d 740, 742 (Tex. App.—Waco 2018, orig. proceeding).

Because the trial court's judgment is void, Vasquez and RJT showed error on the face of the record. *See Metro Sols. Tex., LLC v. Smith*, No. 02-20-00176-CV, 2021 WL 5742078, at *3 (Tex. App.—Fort Worth Dec. 2, 2021, no pet.) (mem. op.) (judgment rendered outside trial court's plenary power was void and showed error on the face of the record). We sustain Vasquez and RJT's first and third issues.[2]

## CONCLUSION

We conclude the trial court was without jurisdiction to enter the October 18, 2024 default judgment. Therefore, that judgment is declared void and vacated.

---

[2] Because we sustain the first and third issues, we need not address Vasquez and RJT's second alternative issue arguing citation was never properly served.

<div align="right">

/s/April Farris
April Farris
Justice

</div>

Before Chief Justice Brister and Justices Field and Farris.